[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Gembarski v. PartsSource, Inc.,* Slip Opinion No. 2019-Ohio-3231.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-3231

GEMBARSKI, APPELLEE, *v.* PARTSSOURCE, INC., APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Gembarski v. PartsSource, Inc.,* Slip Opinion No. 2019-Ohio-3231.]

*Civil law—Civ.R. 23(A)—In a class-certification case, when the case originates with a single named plaintiff and that plaintiff is not subject to an arbitration agreement that was entered into by unnamed putative class members, the defendant need not raise a specific argument referring or relating to arbitration in the answer—Defendant may raise an argument that relates to arbitration against putative class members at the class-certification stage of proceedings—Court of appeals' judgment reversed and cause remanded.*

(No. 2018-0125—Submitted February 20, 2019—Decided August 14, 2019.)

APPEAL from the Court of Appeals for Portage County,

No. 2016-P-0077, 2017-Ohio-8940.

_____

**FISCHER, J.**

{¶ 1} Appellant, PartsSource, Inc., appeals the judgment of the Eleventh District Court of Appeals affirming the trial court's judgment granting appellee Edward F. Gembarski's motion to certify a class action. We accepted jurisdiction over PartsSource's three propositions of law related to the trial court's decision to grant class certification. We will address only the second and third propositions of law, however, as they are dispositive in this case.

{¶ 2} We hold that in a class-certification case, when the case originates with a single named plaintiff and that plaintiff is not subject to an arbitration agreement that was entered into by unnamed putative class members, the defendant need not raise a specific argument referring or relating to arbitration in the defendant's answer. In such circumstances, the defendant may raise an argument that relates to arbitration against putative class members at the class-certification stage of the proceedings.

{¶ 3} As relevant to this case, PartsSource had no duty to assert arbitration as a defense in its answer because Gembarski, the only named class representative, was *not* subject to an arbitration agreement that had been entered into by unnamed putative class members. A defendant need not raise defenses that are related only to unnamed putative class members because those unnamed putative class members are not parties to the action prior to class certification. Thus, because arbitration was not available as a defense at the time PartsSource submitted its answer, PartsSource could not waive a right to assert arbitration at that time, as PartsSource had no such right to waive.

{¶ 4} Prior to Gembarski's motion to certify a class, PartsSource had no duty to raise an argument that, because unnamed putative class members were parties to arbitration agreements, Gembarski—as the representative of that class—failed to satisfy Civ.R. 23(A)'s typicality and adequacy requirements. Nor does any of Ohio's Rules of Civil Procedure require PartsSource to file a motion to strike

the class action. The burden to certify the class action or to maintain the class action is never on the defendant.

{¶ 5} Thus, because PartsSource denied Gembarski's averment that he met the requirements of Civ.R. 23(A) when it filed its answer, PartsSource properly preserved its arguments alleging that because unnamed putative class members were parties to arbitration agreements and Gembarski was not, Gembarski failed to satisfy Civ.R. 23(A)'s typicality and adequacy requirements. Accordingly, we reverse the judgment of the court of appeals and remand the cause to that court for consideration of PartsSource's assignments of error in light of this opinion.

## I. BACKGROUND

{¶ 6} In October 2012, Gembarski filed a class-action complaint against his former employer, PartsSource, in the Summit County Court of Common Pleas. Gembarski asserted claims of breach of contract, unjust enrichment, conversion, equitable restitution, constructive trust, and "money had and received." Each claim was asserted on behalf of the putative class. Gembarski claimed that while he worked for PartsSource, PartsSource improperly withheld and deducted commissions earned by Gembarski and other account managers. Gembarski argued that his claims were typical of the putative class, which included current and former PartsSource account managers and employees, and that he would fairly and adequately protect the class as the named representative.

{¶ 7} PartsSource filed an answer to the complaint, denying the allegations as to each class-action requirement (including typicality and adequacy) and denying that the lawsuit could be maintained as a class action. Shortly thereafter, the parties agreed to transfer the case to the Portage County Court of Common Pleas.

{¶ 8} The parties agreed to participate in private mediation but came to no resolution. The case was removed to federal court but was then remanded to the Portage County Court of Common Pleas. In September 2015, Gembarski, for the first time, filed a motion asking that the trial court certify the case as a class action.

**{¶ 9}** PartsSource opposed Gembarski's motion to certify the class action. PartsSource argued that it had instituted an alternative-dispute-resolution program in January 2011 and that, under that program, employees who entered into an arbitration agreement waived their right to file a lawsuit in favor of a "three-step process culminating in mandatory and binding arbitration." Claims covered under the arbitration agreement included claims arising from or relating to the employees' employment. Gembarski, however, had refused to sign the arbitration agreement. So PartsSource alleged that Gembarski could not meet the typicality requirement necessary for his motion to certify the class to be granted because his claims or defenses were not typical of the claims or defenses of the putative class "where employees who signed arbitration agreements * * * would be precluded from participating in [the] case as absent class members." PartsSource also claimed that Gembarski failed to establish adequacy, as his interests diverged from those putative class members who were subject to the arbitration agreement with PartsSource.

**{¶ 10}** Gembarski argued that PartsSource had waived "the defense of arbitration." Gembarski claimed that PartsSource knew of "its alleged right to arbitrate" at the onset of the litigation. Gembarski maintained that because PartsSource participated in the litigation and had not asserted an "arbitration defense," PartsSource acted inconsistently with "its alleged right of arbitration." Gembarski concluded that because PartsSource waived an "arbitration defense," there was "nothing stopping, barring or otherwise prohibiting the absent class members from *participation* in the class action as a participating class member." (Emphasis sic.)

**{¶ 11}** PartsSource countered that it did not waive "the issue of arbitration." PartsSource argued that it never had a right to demand arbitration from Gembarski. PartsSource contended that it would have been premature to raise any argument related to arbitration prior to the class-certification phase of the litigation.

PartsSource added that it could not determine the defenses that may apply to unnamed putative class members given that Gembarski's proposed class definition was "a moving target" that remained a "little more than the shadow of an idea based in speculation about who might be in this class," particularly since Gembarski had proposed at least three class definitions over the course of the proceedings.

{¶ 12} After holding a hearing, the magistrate assigned by the common pleas court recommended that the court grant Gembarski's motion for class certification. The magistrate determined, in its findings of fact and conclusions of law, that PartsSource had waived "the defense of arbitration it ha[d] asserted in this matter." The magistrate found that PartsSource knew "of its alleged right to arbitrate since the onset of the filing of Plaintiff's Class Action Complaint" and yet, over the course of several years of litigation, PartsSource did not "raise the defense of arbitration" until it opposed Gembarski's motion for class certification. The magistrate further found that PartsSource "actively and vigorously" participated "in litigation in three (3) different Courts without once mentioning, let alone affirmatively seeking, arbitration." The magistrate determined that PartsSource's actions were "manifestly inconsistent with its alleged right of arbitration." Thus, the magistrate concluded that PartsSource "fully and expressly waived any right of arbitration in this matter."

{¶ 13} PartsSource filed numerous objections to the magistrate's decision. PartsSource objected to the magistrate's conclusions that PartsSource had waived any argument regarding arbitration and that even though Gembarski had refused to sign the arbitration agreement with PartsSource, and thus was not subject to that agreement, PartsSource should have raised the arbitration argument against Gembarski prior to his seeking to certify a class. The Portage County Court of Common Pleas reviewed the magistrate's findings of fact and conclusions of law, overruled PartsSource's objections as relevant to this appeal, and adopted the magistrate's decision.

**{¶ 14}** PartsSource appealed to the Eleventh District Court of Appeals and asserted three assignments of error relating to the trial court's judgment adopting the magistrate's decision, including the argument that the trial court "abused its discretion in summarily concluding that [Gembarski] satisfied Civil Rule 23's seven prerequisites."

**{¶ 15}** The appellate court affirmed the judgment of the trial court. The appellate court found that PartsSource "was aware of its right to assert the arbitration defense from the inception of the underlying class action." 2017-Ohio-8940, 101 N.E.3d 469, ¶ 66. That court determined that Gembarski "specified the details, including [PartsSource's] alleged misconduct and harm suffered by potential class members, that would be used to qualify the potential putative class members for certification." *Id.* The appellate court added that although Gembarski was not a party to the arbitration provision, PartsSource "had notice that other potential class members who suffered from the harm alleged in the complaint would be bound by the arbitration clause." *Id.*

**{¶ 16}** The appellate court also maintained that PartsSource's "failure to assert the arbitration defense in its answer, or a supplement thereto, or seek to enforce the right to arbitration at some point prior to its opposition to the certification was fundamentally inconsistent with its right to assert the defense." *Id.* Thus, that court concluded that the magistrate's conclusion that PartsSource "waived the arbitration defense to the typicality and adequacy requirements of class certification" was not unreasonable. *Id.* The appellate court further concluded that Civ.R. 23(A)'s requirements of typicality and adequacy were met. *Id.* at ¶ 66-67.

## II. ANALYSIS

**{¶ 17}** PartsSource's second and third propositions of law are related to the lower courts' determinations that PartsSource had waived certain defenses and arguments:

Proposition of Law II: A party to a class action cannot waive defenses against non-parties who are not yet under the court's jurisdiction—the proper time to raise defenses against non named, hypothetical putative class members who are not yet parties is at the class certification stage.

Proposition of Law III: A party to a lawsuit does not waive the right to arbitrate by failing to assert arbitration as an affirmative defense; instead, waiver of the right to arbitrate is based upon the totality of the circumstances.

*See* 152 Ohio St.3d 1462, 2018-Ohio-1795, 97 N.E.3d 499. Because these two propositions of law are connected, we address them together.

{¶ 18} This case presents this court with one overarching question: in a class-action proceeding, at what point does a defendant waive the argument that the named class member does not satisfy the typicality or adequacy requirements under Civ.R. 23(A) when that named class member is not subject to an arbitration agreement that was entered into by most unnamed putative class members?

## A. Arbitration as a defense
## and arbitration as an attack on a plaintiff's satisfaction
## of the requirements of Civ.R. 23(A)

{¶ 19} We must first recognize that PartsSource did not raise the defense of arbitration in its answer and did not argue arbitration as a defense to any of Gembarski's individual claims. PartsSource, in its opposition to Gembarski's motion to certify the class action, argued that Gembarski was not typical of the class or adequate to represent the class, *see* Civ.R. 23(A), because he was not subject to an arbitration agreement that had been entered into by most unnamed putative class members.

**{¶ 20}** Gembarski construed PartsSource's attack on his satisfaction of the requirements of Civ.R. 23(A) as PartsSource raising "the defense of arbitration"—the right to compel arbitration—and argued that PartsSource had waived the defense.

**{¶ 21}** In attempting to determine whether PartsSource waived the argument that Gembarski could not satisfy Civ.R. 23(A)'s typicality and adequacy requirements because he had not entered into the arbitration agreement that other unnamed putative class members had entered into with PartsSource, the lower courts merged the analyses of arbitration as a defense to the action and arbitration as an attack on a plaintiff's satisfaction of the requirements of Civ.R. 23(A).

**{¶ 22}** Arbitration as a defense to an action is a concept that is separate from arbitration as an attack on a plaintiff's satisfaction of the requirements of Civ.R. 23(A). While there is a relationship between these two concepts, in that the failure to assert one may perhaps waive or affect the defendant's ability to raise the other, each concept requires its own waiver analysis.

**{¶ 23}** For ease of analysis, we will refer to an attack on a plaintiff's satisfaction of the typicality and adequacy requirements of Civ.R. 23(A) based on the fact that the plaintiff was not subject to an arbitration agreement that was entered into by the unnamed putative class members as the "Civ.R. 23(A) argument." We will refer to a defendant's right to enforce an arbitration clause—i.e., arbitration as a defense to the action—as the "arbitration defense."

**B. Waiver of the right to arbitrate or to assert a**

**Civ.R. 23(A) argument**

**{¶ 24}** " 'A waiver is a voluntary relinquishment of a known right.' " *White Co. v. Canton Transp. Co.*, 131 Ohio St. 190, 198, 2 N.E.2d 501 (1936), quoting *List & Son Co. v. Chase*, 80 Ohio St. 42, 49, 88 N.E. 120 (1909). A party may waive a right by express words or by conduct that is inconsistent with that right.

*See id.* However, "[m]ere silence will not amount to waiver where one is not bound to speak." *Id.*

{¶ 25} To establish waiver, the party seeking waiver must demonstrate (1) that the party knew of its right to assert an argument or defense and (2) that the totality of the circumstances establish that the party acted inconsistently with that right. *See, e.g.*, *Donnell v. Parkcliffe Alzheimer's Community*, 6th Dist. Wood No. WD-17-001, 2017-Ohio-7982, ¶ 21; *Atkinson v. Dick Masheter Leasing II, Inc.*, 10th Dist. Franklin No. 01AP-1016, 2002-Ohio-4299, ¶ 20.

{¶ 26} An assertion that a party waived an argument presents a mixed question of law and fact. *See, e.g.*, *Am. Express Co. v. Triumph Ins. Co.*, 1 W.L.B. 85, 1876 WL 6064, *1 (1st Dist.1876) (the question of waiver is a mixed one of law and fact, and it does not become a question of law except when the underlying facts are determined); *Ironton City Schools Bd. of Edn. v. Hayes, Donaldson, Wittenmyer & Partners*, 4th Dist. Lawrence No. 1734, 1985 WL 11150, *7 (June 17, 1985) (waiver is a mixed question of law and fact). This court reviews de novo the legal question whether PartsSource's conduct amounts to a waiver of the argument, but we review the factual findings underlying the trial court's determination only for clear error. *Nicholas v. KBR, Inc.,* 565 F.3d 904, 907 (5th Cir.2009); *see also State v. Keene,* 81 Ohio St.3d 646, 656, 693 N.E.2d 246 (1998) (a reviewing court evaluates legal questions independently but defers to a trial court's factual findings when those findings are supported by the record).

### 1. Waiver of arbitration as a "defense" to unnamed putative class members

{¶ 27} In determining whether PartsSource waived the Civ.R. 23(A) argument, the only argument that it raised related to arbitration, we must determine whether PartsSource was required to assert the arbitration defense in its answer under Civ.R. 8(B)—that is, whether PartsSource had a known right that it could waive.

**{¶ 28}** The parties do not dispute that PartsSource and Gembarski had *no* right to arbitrate, because they had not entered into an arbitration agreement. Therefore, PartsSource had no duty to assert an arbitration defense against Gembarski, who had not entered into an arbitration agreement. Rather, the question is, was PartsSource required to raise, in its answer, an arbitration defense to the unnamed putative class members who had entered into the arbitration agreement? We answer that question in the negative. Unnamed putative class members are *not parties* to the action prior to class certification; thus, PartsSource did not need to raise defenses that would be applicable against only those unnamed putative class members who were merely potential future parties.

**{¶ 29}** While this case presents an issue of first impression, persuasive authority supports our holding that unnamed putative class members are not parties to the class action prior to class certification. Federal courts are consistent in concluding that unnamed putative class members are not parties to an action prior to class certification. *See Barnes v. First Am. Title Ins. Co.*, 473 F.Supp.2d 798, 802 (N.D.Ohio 2007) ("proposed new plaintiffs are not current parties to the action prior to a ruling on certification"); *Taylor v. Pilot Corp.*, W.D.Tenn. No. 14-cv-2294-SHL-tmp, 2016 WL 4524310, *3 (Mar. 3, 2016) (putative class members are not parties to a case prior to class certification); *Currithers v. FedEx Ground Package Sys., Inc.*, E.D.Mich. No. 04-10055, 2012 WL 458466, *8 (Feb. 13, 2012) (putative class members are not considered parties prior to a class-certification ruling); *Zepeda v. United States Immigration & Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir.1983) (ruling that a court could not issue an injunction concerning putative class members before class certification, because those putative class members were not parties before the court); *Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 659 (3d Cir.1998), *abrogation on other grounds recognized*, *Forbes v. Eagleson*, 228 F.3d 471 (3d Cir.2000) (until the putative class is certified, the action is between the individual plaintiffs and the defendants); *In re Checking*

*Account Overdraft Litigation*, 780 F.3d 1031, 1036-1037 (11th Cir.2015) (an unnamed class member is not a party to class-action litigation before the class is certified).

**{¶ 30}** The United States Supreme Court has recognized limited circumstances when an unnamed putative class member may be considered a party—generally, when unnamed putative class members' rights are at stake. *See Devlin v. Scardelletti*, 536 U.S. 1, 10-11, 122 S.Ct. 2005, 153 L.Ed.2d 27 (2002) (putative class members may appeal the approval of a settlement). But the Supreme Court has implied that a putative class member should not be treated as a party prior to class certification. *See Smith v. Bayer Corp.*, 564 U.S. 299, 313, 131 S.Ct. 2368, 180 L.Ed.2d 341 (2011) (the argument that an unnamed class member is a party to the class action before the class is certified is a "novel and surely erroneous argument").

**{¶ 31}** We are persuaded by and agree with those federal courts that have concluded that unnamed putative class members are not parties to an action prior to class certification. "Certification of a class is the critical act which reifies the unnamed class members and, critically, renders them subject to the court's power." *In re Checking Account Overdraft Litigation* at 1037. Absent class certification, there is no justiciable controversy between a defendant and the unnamed putative class members. *See Kincaid v. Erie Ins. Co.*, 128 Ohio St.3d 322, 2010-Ohio-6036, 944 N.E.2d 207, ¶ 17 (a controversy, to be justiciable, must be grounded on a present dispute, not a possible future dispute); *State ex rel. Barclays Bank PLC v. Hamilton Cty. Court of Common Pleas*, 74 Ohio St.3d 536, 542, 660 N.E.2d 458 (1996) (justiciable matters are actual controversies between the parties); *see also Mallory v. Cincinnati*, 1st Dist. Hamilton No. C-110563, 2012-Ohio-2861, ¶ 10 (recognizing that this court has interpreted justiciable matters to mean an actual controversy, one with adverse legal interests, between the parties). It follows that if unnamed putative class members are not parties to an action, then a defendant is

under no duty to raise in its answer, or at any time prior to the class-certification stage, defenses that relate only to those unnamed class members.

{¶ 32} Therefore, because an arbitration defense to unnamed putative class members was not available to PartsSource prior to the class-certification stage, PartsSource did not waive any arbitration defense against those unnamed putative class members when it failed to raise that defense in its answer. The lower courts' determination that PartsSource waived the arbitration defense was error. PartsSource's decision not to include an arbitration defense in its answer did not foreclose its ability to raise a Civ.R. 23(A) argument at the class-certification stage.

### 2. Waiver of PartsSource's Civ.R. 23(A) argument

{¶ 33} We next consider whether PartsSource was required to do more than just deny the averments made in the complaint regarding Gembarski's satisfaction of Civ.R. 23(A)'s requirements to preserve the Civ.R. 23(A) argument until the class-certification phase. The answer is no.

### a. PartsSource had no duty to raise with specificity the
### Civ.R. 23(A) argument in its answer

{¶ 34} As stated above, PartsSource had no right to an arbitration defense prior to the class-certification stage of the proceedings and therefore was not required to raise the defense of arbitration as a specific "defense" in its answer. PartsSource's failure to raise the arbitration defense in its answer as a defense to Gembarski's individual claims did not foreclose PartsSource from raising the Civ.R. 23(A) argument. We also conclude that PartsSource did not need to specifically raise the Civ.R. 23(A) argument beyond a denial in its answer to Gembarski's complaint.

{¶ 35} In an answer to a plaintiff's complaint, the defendant shall "state in short and plain terms the party's defenses to each claim asserted and *shall admit or deny the averments* upon which the adverse party relies." (Emphasis added.)

Civ.R. 8(B). The rule does not require a defendant to state the specific, detailed reasons *why* the defendant denies a plaintiff's averment.

{¶ 36} In his complaint, Gembarski averred that his "claims are typical of the Class" and that he would fairly and adequately protect the class "because his interests in the litigation are not antagonistic to the interests of the other members of the Class." PartsSource needed only to admit or deny Gembarski's averments to satisfy Civ.R. 8(B). And in its answer, PartsSource denied that "the captioned lawsuit may be maintained as a class action" and denied all the allegations related to the class action, including Gembarski's averments as to typicality and adequacy.

{¶ 37} PartsSource had no duty beyond denying the averments in Gembarski's complaint to raise the Civ.R. 23(A) argument. PartsSource's denials placed Gembarski on notice of PartsSource's intention to argue that he did not satisfy the Civ.R. 23(A) requirements. Thus, PartsSource did not waive the Civ.R. 23(A) argument by failing to assert the argument in its answer since there was no duty for it to do so.

### b. PartsSource was not required to move to strike the class action to preserve the Civ.R. 23(A) argument

{¶ 38} Gembarski argues that PartsSource was required to raise the Civ.R. 23(A) argument prior to class certification in a motion to strike the class action. We disagree.

{¶ 39} Nothing in Civ.R. 12 nor in Civ.R. 23 imposed a duty on PartsSource to move to strike Gembarski's complaint or his motion to certify a class action. Gembarski—not PartsSource—undisputedly has the burden of establishing that the cause of action merits certification as a class action. *State ex rel. Ogan v. Teater*, 54 Ohio St.2d 235, 247, 375 N.E.2d 1233 (1978). Indeed, PartsSource is not at fault for waiting until Gembarski, the only named plaintiff, moved for class certification to assert, more exactly, its Civ.R. 23(A) argument that Gembarski's claims were not typical of unnamed putative class members and that he could not

adequately represent those unnamed putative class members. Until Gembarski filed his motion to certify the class, there was no basis in logic or reason for PartsSource to raise this Civ.R. 23(A) argument. Because PartsSource had no duty to move to strike Gembarski's class action, its failure to move to strike the class allegations is not a waiver of the Civ.R. 23(A) argument.

*c. PartsSource raised its Civ.R. 23(A) argument*

*at the appropriate time—class-certification stage of the proceedings*

{¶ 40} We agree that a defendant must assert a Civ.R. 23(A) argument in a timely manner to preserve the argument. *See generally In re Checking Account Overdraft Litigation*, 780 F.3d at 1037 (claims against unnamed putative class members exist only by hypothesis prior to class certification); *Taylor*, 2016 WL 4524310, at *3 (defendants did not waive right to arbitrate with unnamed putative members after class certification, because defendants would have been unable to compel arbitration prior to class certification); *Rimedio v. SummaCare, Inc.*, 9th Dist. Summit No. 21828, 2004-Ohio-4971, ¶ 14 (appellants could not have waived the right to assert an arbitration defense against unnamed class members prior to class certification). The appropriate time to raise a Civ.R. 23(A) argument is at the class-certification stage of the proceedings.

{¶ 41} "The party seeking to maintain a class action has the burden of demonstrating that all factual and legal prerequisites to class certification have been met." *Miranda v. Saratoga Diagnostics*, 2012-Ohio-2633, 972 N.E.2d 145, ¶ 14 (8th Dist.). It is at the class-certification stage of the proceedings that the plaintiff must attempt to prove that the requirements of Civ.R. 23(A) have been met, and it is at this same time in the proceedings that the defendant would have the opportunity to refute such claims.

{¶ 42} Here, Gembarski moved for class certification. In opposing certification, PartsSource immediately raised its Civ.R. 23(A) argument—that Gembarski, the only named class member, did not satisfy the typicality or adequacy

requirements under Civ.R. 23(A), because he was not subject to an arbitration agreement that was entered into by most putative class members.

{¶ 43} Because this stage in the litigation was the appropriate time to raise the Civ.R. 23(A) argument, PartsSource did not waive the argument by failing to assert it at any earlier stage of the proceedings. Therefore, the lower courts erred by determining that PartsSource waived its Civ.R. 23(A) argument.

### III. CONCLUSION

{¶ 44} PartsSource did not waive the right to raise the arbitration defense, because prior to the class-certification stage of the proceedings, PartsSource did not have a right to arbitrate with Gembarski, who was the only named party. Further, because PartsSource did not have an obligation to raise the arbitration defense, its failure to do so has no impact on PartsSource's ability to raise the Civ.R. 23(A) argument.

{¶ 45} PartsSource did not waive the right to assert a Civ.R. 23(A) argument, because it had no duty to raise that argument at any time prior to the class-certification stage of the proceedings. PartsSource properly provided a general denial in its answer and raised the Civ.R. 23(A) argument at the class-certification stage of the proceedings. Thus, the lower courts erred in determining that PartsSource had waived any argument pertaining to Civ.R. 23(A) or the arbitration defense. Accordingly, we reverse the judgment of the court of appeals on the issue of waiver.

{¶ 46} Because we conclude that the appellate court erred as to the issue of waiver and we reverse on that basis, we need not reach PartsSource's first proposition of law addressing the merits of this case.

{¶ 47} We remand the cause to the appellate court to consider PartsSource's assignments of error in accord with this opinion.

Judgment reversed
and cause remanded.

O'CONNOR, C.J., and FRENCH, DeWINE, CELEBREZZE, and STEWART, JJ., concur.

KENNEDY, J., concurs in judgment only.

FRANK D. CELEBREZZE Jr., J., of the Eighth District Court of Appeals, sitting for DONNELLY, J.

_____

Connick Law, L.L.C., and Thomas J. Connick, for appellee.

Zashin & Rich Co., L.P.A., Stephen S. Zashin, Jeffrey J. Wedel, and Helena Oroz, for appellant.

Baker & Hostetler, L.L.P., John B. Lewis, Dustin M. Dow, and Daniel R. Lemon, urging reversal for amicus curiae Ohio Management Lawyers Association.

_____