[Cite as *Dumas v. N. E. Auto Credit, L.L.C.* , 2019-Ohio-4789.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

THEODORE DUMAS, ET AL.,          :

    Plaintiffs-Appellees,          :

                                    Nos. 108151 and 108388

    v.          :

NORTH EAST AUTO CREDIT, L.L.C.,          :

    Defendant-Appellant.          :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** November 21, 2019

---

Civil Appeal from the Cuyahoga County Common Pleas Court
Case No. CV-17-885863

---

### *Appearances:*

Frederick & Berler, L.L.C., Ronald I. Frederick, Michael Berler, and Michael L. Fine, *for appellees*.

The Gertsburg Law Firm Co., L.P.A., Mark M. Turner, Eugene Friedman, Maximilian Julian, and Cynthia M. Menta; and William J. Krueger, *for appellant*.

SEAN C. GALLAGHER, J.:

{¶ 1} North East Auto Credit, L.L.C. ("NEAC"), appeals the denial of its motion to stay the trial court proceedings under R.C. 2711.02(B) pending an arbitration of the class-action allegations, which were advanced for the first time in an amended complaint filed over a year after the initial pleading. Although the trial

court erred in concluding that NEAC waived its right to assert the arbitration defense with respect to the putative class members, it nonetheless reached the correct result. We therefore affirm.

{¶ 2} Theodore Dumas and Charlene Parker purchased a vehicle from NEAC. In their purchase agreement, Dumas and Parker agreed that either party may seek to arbitrate any disputes arising thereunder, and that if the matter was arbitrated, the plaintiffs waived any right to join a class-action lawsuit:

> 1. Either you or we may choose to have any dispute between us decided by arbitration and not in court or by jury trial.
>
> 2. If a dispute is arbitrated, you will give up your right to participate as a class representative or a class member on any class claim you have against us including any right to class arbitration or any consolidation of individual arbitrations.
>
> * * *
>
> Any claim or dispute, whether in contract tort, statute or otherwise (including the interpretation and scope of the Arbitration Agreement, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to * * * [the] purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties that don't sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not court action.

In light of the permissive nature of the arbitration clause, Dumas and Parker chose to file a lawsuit to settle a disagreement with NEAC, which in turn, consented to proceed on the individual claims despite preserving its affirmative defense of arbitration. We note that according to the express terms of their agreement, Dumas and Parker have not waived their right to participate as class representatives or

members, and in addition, NEAC is not asserting any right to seek a stay pending the arbitration of Dumas and Parker's individual claims.

{¶ 3} During the pretrial proceedings, Dumas and Parker requested and were granted leave to amend their complaint, although the basis of that request is disputed. The motion for leave was made orally during a pretrial conference, and there is no record of the proposed amendments. The amended complaint included allegations for similarly situated, putative class members. Dumas and Parker claim that NEAC should have been aware of the impending class-action allegations regardless of any confusion over the substantive basis of their request, and therefore, NEAC consented to including the class allegations. NEAC claims that Dumas and Parker only asked for leave to amend the complaint in order to address their individual claims; otherwise, NEAC would have objected to the inclusion of the class-action allegations.

{¶ 4} Because there is no record substantiating the basis of Dumas and Parker's oral motion, we cannot conclude that NEAC affirmatively consented to the amended complaint including the class allegations to waive any defenses to the amendment of the allegations. "To establish waiver, the party seeking waiver must demonstrate (1) that the party knew of its right to assert an argument or defense and (2) that the totality of the circumstances establish that the party acted inconsistently with that right." *Gembarski v. PartsSource, Inc.*, Slip Opinion No. 2019-Ohio-3231, ¶ 25, citing *Donnell v. Parkcliffe Alzheimer's Community*, 6th Dist. Wood No. WD-17-001, 2017-Ohio-7982, ¶ 21; and *Atkinson v. Dick Masheter Leasing II, Inc.*, 10th

Dist. Franklin No. 01AP-1016, 2002-Ohio-4299, ¶ 20. In light of the silent record, brought on by the fact that the motion for leave to amend the pleading was made orally with no notation in the record as to its substance, we cannot consider Dumas and Parker's argument that NEAC affirmatively consented to an amendment to include the class allegations, and through that alleged consent, waived the right to challenge the class-action allegations.

{¶ 5} In response to the amended pleading, NEAC retained additional counsel and immediately filed a motion to strike the class claims under Civ.R. 12(F), or in the alternative, a motion to stay the case pending arbitration of the class claims based on the undisputed fact that NEAC used the same arbitration language in "virtually" all of their transactions. In the alternative to the aforementioned consent argument, Dumas and Parker argued that NEAC waived the right to seek arbitration of the putative class members' claims because NEAC arguably waived its right to compel arbitration against the individual plaintiffs. The trial court agreed, but concluded that the court "cannot in fairness permit [NEAC's] new counsel to be the occasion to change the course of litigation which was filed so many months ago." It is not clear from the record how NEAC's arbitration defense advanced in response to the amended complaint, which raised the class allegations for the first time, would have unilaterally altered the course of the litigation that had been limited to Dumas and Parker's individual claims. If Dumas and Parker were permitted to substantially change the course of litigation by including class allegations over a year after the

filing of the initial complaint, it would seem that any notion of fairness or due process would dictate that NEAC be permitted to respond in kind.

{¶ 6} Regardless, in this appeal, the only issue that we have jurisdiction to address is the denial of the motion to stay pending arbitration of the class allegations. It is without question that an order granting or denying a motion for stay pending arbitration is a final appealable order. R.C. 2711.02(C). All other issues, including the granting of leave to amend a pleading, are interlocutory in nature and outside the scope of our current jurisdiction.[1] The trial court erred in concluding that NEAC waived the right to assert arbitration as a defense to the class allegations based on the Ohio Supreme Court's decision in *Gembarski*. We recognize that the trial court lacked the benefit of *Gembarksi*, but regardless of the timing, *Gembarksi* is controlling and dispositive of the issues raised in this appeal.

{¶ 7} In *Gembarksi*, Slip Opinion No. 2019-Ohio-3231, the individual plaintiff included class allegations in the initial complaint. The Ohio Supreme Court concluded that when a case originates with an individual plaintiff who is also named as a class representative, the defendant need not raise an arbitration defense relating to the putative class members during the initial stages of the litigation. *Id.* at ¶ 3.

---

[1] NEAC also assigned as error the trial court's decision granting leave to amend the complaint and the trial court's refusal to submit an App.R. 9(C) statement that would have provided a factual basis for NEAC's argument pertaining to the granting of leave to amend the complaint. The decision to grant leave to amend the complaint is not a final appealable order subject to our jurisdiction over the arbitration issue. *See, e.g.*, *Treasurer of Cuyahoga Cty. v. Robshir Properties, L.L.C.*, 8th Dist. Cuyahoga Nos. 107056 and 107289, 2019-Ohio-535, ¶ 24. Accordingly, any error with respect to the App.R. 9(C) statement is moot.

Arbitration of the putative class members' claims is not available as a defense until the class-certification stage of the proceedings. *Id.* This is because unnamed putative class members are not considered parties to an action until the class is certified under Civ.R. 23. *Id.* at ¶ 31. "'Certification of the class is the critical act which reifies the unnamed class members and, critically, renders them subject to the court's power.'" *Id.*, quoting *In re Checking Account Overdraft Litigation*, 780 F.3d 1031, 1037 (11th Cir.2015).

{¶ 8} Certification of the class, the point in which the unnamed putative class members actually become parties to the action, is the first time during the proceedings that a defendant may assert the arbitration defense against the class members. This is because without the class being certified, there is "no justiciable controversy between a defendant and the unnamed putative class members." *Id.*, citing *Kincaid v. Erie Ins. Co.,* 128 Ohio St.3d 322, 2010-Ohio-6036, 944 N.E.2d 207, ¶ 17. Thus, under *Gembarksi*, before the certification stages, a defendant has no duty to raise an argument that the unnamed putative class members were parties to arbitration agreements and that the individual plaintiffs failed to satisfy Civ.R. 23(A)'s typicality and adequacy requirements based on the individual arbitration agreements that remain enforceable. *Id.* at ¶ 4.

{¶ 9} In this case, arguably, the plaintiffs were not required to arbitrate their claims because of the permissive nature of the particular arbitration clause and the fact that NEAC acquiesced to the trial court action. We recognize one difference between the current case and *Gembarksi.* In this case, the individual plaintiffs are

not subject to arbitration because of a waiver, whereas the individual plaintiff in *Gembarksi* did not sign a contract containing an arbitration provision altogether. The fact that the plaintiff in *Gembarksi* was not subject to an arbitration clause, as opposed to Dumas and Parker who are, but enforcement was arguably waived, is irrelevant. In both cases, the individual plaintiffs are not required to submit their claims to arbitration proceedings although the putative class members potentially are. *Gembarksi* is directly on point.

{¶ 10} NEAC could not have waived any individual defenses against the putative class members because those members are not yet parties in this action, nor can Dumas and Parker elect to avoid arbitration on behalf of the putative class members, who themselves have the individual right to request arbitration and against whom NEAC can elect to seek individual arbitration. *Rimedio v. SummaCare, Inc.*, 9th Dist. Summit No. 21828, 2004-Ohio-4971, ¶ 14. In accordance with *Gembarksi*, the trial court erred in concluding that NEAC waived its right to assert an arbitration defense to the individual putative class members before the class-certification stages.

{¶ 11} This conclusion, however, may be of little value to NEAC's current appeal. Because the putative class members are not parties in this proceeding and are not under the trial court's authority, it necessarily follows that there is no justiciable controversy upon which arbitration could be compelled or the action stayed at this point in time. *Gembarksi*, Slip Opinion No. 2019-Ohio-3231, at ¶ 31. As the Ohio Supreme Court also concluded, a defendant has no right to an

arbitration defense before the class-certification stage of the proceedings because before such time, there is no justiciable controversy between the defendant and the putative class members. *Id.* at ¶ 34. Since the putative class members are not a party to the action, staying the action before the class is certified would be premature. As the parties concede, the arbitration clause at issue in this case does not expressly authorize a class-wide arbitration. *Shakoor v. VXI Global Solutions, Inc.*, 7th Dist. Mahoning No. 16MA0038, 2017-Ohio-8018, ¶ 17. The arbitration clause refers to the individual right to assert an arbitration against each member of the putative class, and therefore, the putative class members and NEAC cannot be forced to arbitrate any dispute in a class format. *Id.* at ¶ 18. As a result, the trial court could not compel the matter for a class-wide or consolidated arbitration, but it also cannot stay the matter to permit the individual arbitration with respect to the putative class members who are not currently parties to the action. *Gembarksi* at ¶ 31.

{¶ 12} Until the class-certification stage, NEAC cannot waive its right to assert an arbitration defense against the putative class members or as a basis to demonstrate that Dumas and Parker failed to demonstrate the typicality or adequacy requirements of Civ.R. 23. Along those same lines, because the putative class members are not parties to the action, NEAC cannot seek to stay the action pending arbitration of what is currently considered a nonjusticiable controversy between it and the putative class members. *Id.* Any stay pending such arbitration would be premature at this point in the litigation.

{¶ 13} Although the trial court's reason for denying the motion to stay pending arbitration was erroneous in light of the later-issued decision in *Gembarksi*, the correct result was nonetheless reached. Nothing in our decision should be interpreted to mean that NEAC cannot raise the affirmative defense of arbitration against the putative class members at the appropriate time. Our sole conclusion is that the trial court reached the correct result in denying the motion to stay pending arbitration because consideration of the arbitrability of the unnamed, putative class members' claims is premature at this point in time. We affirm the decision denying NEAC's motion to stay the proceeding pending the arbitration. The matter is remanded for further proceedings.

It is ordered that appellant and appellees share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
LARRY A. JONES, SR., J., CONCUR