[Cite as *Gembarski v. PartsSource, Inc.*, 2020-Ohio-981.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| EDWARD F. GEMBARSKI, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, | : | **O P I N I O N** |
| | : | |
| Plaintiff-Appellee, | : | **CASE NO. 2016-P-0077** |
| | : | |
| - vs - | : | |
| | : | |
| PARTSSOURCE, INC., | : | |
| | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2013 CV 0001.

Judgment: Reversed and remanded.


*Thomas J. Connick*, Connick Law, LLC, 25550 Chagrin Boulevard, Suite 101, Cleveland, OH 44122 (For Plaintiff-Appellee).

*Jeffrey J. Wedel, Stephen S. Zashin,* and *Helena Oroz,* Zashin & Rich Co., L.P.A., Ernst & Young Tower, 950 Main Avenue, 4th Floor, Cleveland, OH 44113 (For Defendant-Appellant).


CYNTHIA WESTCOTT RICE, J.

{¶1}  This matter is before the court upon the order of the Supreme Court of Ohio reversing and remanding this court's judgment and opinion in *Gembarski v. PartsSource, Inc.* 11th Dist. Portage No. 2016-P-0077, 2017-Ohio-8940, as it related to this court's determination of PartsSource's third assigned error pertaining to the issue of waiver as well as class certification.  *See Gembarski v. PartsSource, Inc.*, 157 Ohio

St.3d 255, 2019-Ohio-3231, ¶44-47. Because the Supreme Court did not address either of PartsSource's first or second assignments of error, our analysis and disposition of those assigned errors in *Gembarski*, 2017-Ohio-8940, ¶11-55, are unaffected by the Supreme Court's remand order and are therefore final, pursuant to the law-of-the-case doctrine. With this in mind, the instant matter is reversed and remanded to the Portage County Court of Common Pleas for further proceedings consistent with this opinion, as well as the Supreme Court's analysis and disposition in *Gembarski*, 2019-Ohio-3231.

{¶2} On October 1, 2012, appellee filed a class-action complaint for damages against appellee in the Summit County Court of Common Pleas. Appellee filed an answer and the case was transferred to the Portage County Court of Common Pleas by stipulation of the parties. On September 22, 2015, appellee filed a motion to certify class action and a motion to modify/amend class definition. Appellee opposed the motion. On March 31, 2016, the motion to modify/amend class definition was granted.

{¶3} On May 2, 2016, appellant filed a brief in opposition to appellee's motion to certify class action. PartsSource argued that it had instituted an alternative-dispute-resolution program in January 2011 and that, under that program, employees who entered into an arbitration agreement waived their right to file a lawsuit in favor of binding arbitration. Mr. Gembarski, however, refused to sign the arbitration agreement. As a result, PartsSource argued Mr. Gembarski could not meet the typicality necessary for his motion to certify. PartsSource argued his claims or defenses were not typical of the claims or defenses of the putative class as employees who signed arbitration agreements would be precluded from participating in the case. PartsSource also

2

claimed that Mr. Gembarski failed to establish adequacy because his interests diverged from those putative class members who were subject to the arbitration agreement.

{¶4} Mr. Gembarski argued PartsSource had waived the defense of arbitration because it had participated in the litigation and had not asserted the defense previously, which was inconsistent with its alleged right to arbitrate. Mr. Gembarski asserted that, because of the waiver, there was nothing barring the unnamed class members from participation in the class action.

{¶5} In response, PartsSource argued that its right to demand arbitration was not triggered at the inception of the lawsuit because Mr. Gembarski did not enter an agreement to arbitrate. As such, it would have been premature to assert any argument relating to arbitration prior to the class-certification phase of the litigation – the point at which the arbitration defense/attack could be used to arguably preclude certification of the class.

{¶6} After holding a hearing, the magistrate found PartsSource knew of its alleged right to arbitrate since the filing of the class action. And PartsSource actively and vigorously participated in the litigation over the course of several years and never mentioned any argument relating to arbitration. The magistrate determined that PartsSource's actions were "manifestly inconsistent with its alleged rights of arbitration." Hence, the magistrate concluded PartsSource waived any right to arbitrate the matter or attack the certification on that basis.

{¶7} PartsSource filed objections to the magistrate's decision, which were opposed by Mr. Gembarski. Ultimately, the trial court overruled the objections and adopted the magistrate's decision. PartsSource appealed to this court and assigned

3

three errors relating to the trial court's judgment adopting the magistrate's decision, including the argument that the trial court erred in concluding Mr. Gembarski satisfied the Civ.R. 23's class-certification prerequisites. This court affirmed the judgment of the trial court, holding PartsSource was aware of its right to assert the arbitration defense from the inception of the class action. *Gembarski*, 2017-Ohio-8940, ¶66. This court further observed that even though Mr. Gembarski was not a party to the arbitration provision, PartsSource "had notice that other potential class members who suffered from the harm alleged in the complaint would be bound by the arbitration clause." *Id.* This court observed that PartsSource's "failure to assert the arbitration defense in its answer, or a supplement thereto, or seek to enforce the right to arbitration at some point prior to its opposition to certification was fundamentally inconsistent with its right to assert the defense." *Id.* Accordingly, this court concluded that PartsSource waived the arbitration defense to the typicality and adequacy requirements to class certification. *Id.*

{¶8} PartsSouce filed a discretionary appeal to the Supreme Court. The Court accepted the jurisdictional appeal. As its propositions of law, PartsSource asserted:

{¶9} (I) Typicality and/or adequacy of representation are lacking where a named plaintiff who is not subject to arbitration seeks to represent unnamed putative class members who are subject to arbitration.

{¶10} (II) A party to a class action cannot waive defenses against non-parties who are not yet under the court's jurisdiction – the proper time to raise defenses against non-named, hypothetical putative class members who are not yet parties is at the class certification stage.

{¶11} (III) A party to a lawsuit does not waive the right to arbitrate by failing to assert arbitration as an affirmative defense; instead, waiver of the right to arbitrate is based upon the totality of the circumstances.

4

{¶12} The Court addressed PartsSource's second and third proposition of law, but did not reach the merits of the first proposition. In so doing, the Court reversed this court's judgment, concluding:

> {¶13} PartsSource did not waive the right to raise the arbitration defense, because prior to the class-certification stage of the proceedings, PartsSource did not have a right to arbitrate with Gembarski, who was the only named party. Further, because PartsSource did not have an obligation to raise the arbitration defense, its failure to do so has no impact on PartsSource's ability to raise the Civ.R. 23(A) argument.

> {¶14} PartsSource did not waive the right to assert a Civ.R. 23(A) argument, because it had no duty to raise that argument at any time prior to the class-certification stage of the proceedings. PartsSource properly provided a general denial in its answer and raised the Civ.R. 23(A) argument at the class-certification stage of the proceedings. Thus, the lower courts erred in determining that PartsSource had waived any argument pertaining to Civ.R. 23(A) or the arbitration defense. Accordingly, we reverse the judgment of the court of appeals on the issue of waiver. *Gembarski*, 2019-Ohio-3231, *supra*, ¶44-45.

{¶15} The Court therefore reversed this court's judgment and opinion as it related to the waiver analysis and remanded the matter for this court to consider PartsSource's assignments of error in light of the foregoing holding. *Id.* at ¶47. We shall proceed in accord with the Court's order. PartsSource's three assignments of error provide:

{¶16} "[1.] The trial court abused its discretion by adopting the magistrate's findings, which adopted appellee's proposed findings verbatim, over appellant's objection where the record does not contain competent and credible evidence supporting those findings.

{¶17} "[2.] The trial court abused its discretion in adopting the magistrate's finding of fact and conclusion of law which by improperly engaging in a merits based

5

inquiry, certifying a proposed class that is unascertainable and ordering PartsSource to ascertain the putative class members.

{¶18} "[3.] The trial court abused its discretion in summarily concluding that appellee satisfied Civ.R. 23's seven prerequisites, where the record does not contain competent and credible evidence supporting that conclusion, and where such conclusion is against the manifest weight of the evidence."

{¶19} As indicated at the outset of this opinion, the merits of PartsSource's first and second assignments of error were not the subject of the Supreme Court's opinion in *Gembarski*, 2019-Ohio-3231. As a result, our disposition of those assignments of error in *Gembarski*, 2017-Ohio-8940 remain intact pursuant to the law-of-the-case doctrine.

{¶20} With this in mind, the Ohio Supreme Court has identified seven prerequisites for maintaining a class action derived from Civ.R. 23:

{¶21} (1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impracticable; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be met. *Hamilton v. Ohio Savings Bank*, 82 Ohio St.3d 67, 71 (1998).

{¶22} Moreover, "Civ.R. 23(B)(3) states that in order to certify a class in an action for damages, two findings must be made by the trial court. First, it must find that questions of law or fact common to the members of the class predominate over any questions affecting only individual members; and second, the court must find that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." *In re Consol. Mgte. Satisfaction Cases*, 97 Ohio St.3d 465, 2002-

6

Ohio-6720, ¶7. "A party seeking certification pursuant to Civ.R. 23 bears the burden of demonstrating by a preponderance of the evidence that the proposed class meets each of the requirements set forth in the rule." *Cullen v. State Farm Mut. Auto Ins. Co., 137 Ohio St.3d 373, 2013-Ohio-4733,* paragraph three of the syllabus.

{¶23} In *Gembarski*, 2019-Ohio-3231, the Supreme Court found merit to PartsSource's argument challenging this court's affirmance of the trial court's judgment on the issue of waiver. The Court's disposition is related to this court's determination, in *Gembarski*, 2017-Ohio-8940, that PartsSource's third assignment of error lacked merit. In light of the Supreme Court's ruling, we now hold PartsSource could not waive the arbitration attack to certification prior to the filing of the motion to certify the class. The unnamed putative class members were not parties to the action prior to class certification and, as a result, PartsSource was not required to raise an arbitration defense prior to such proceedings. Instead, PartsSource was required only to deny allegations in Mr. Gembarski's complaint in order to preserve the arbitration challenge for the certification phase, the point at which the trial court must consider, inter alia, whether Mr. Gembarski's claims were typical of unnamed putative class members and whether he could adequately represent those unnamed putative class members. Accordingly, this matter must be reversed and remanded to the trial court to consider that challenge to the typicality and adequacy prerequisites on the merits.

{¶24} In this respect, PartsSources's third assignment of error has merit.

{¶25} We acknowledge that Mr. Gembarski, in his original response brief, made an alternative argument in support of the trial court's decision. Specifically, borrowing from the magistrate's decision, Mr. Gembarski pointed out that even if no waiver

7

occurred or could have occurred, the arbitration agreement did not apply to preclude participation because, "[n]oticeably absent from [PartsSource's] Arbitration Agreement is a class action waiver barring the absent Class Members from participating in a class action." Mr. Gembarski asserts that PartsSource, the apparent drafter of the writing, chose to omit any reference to a class-action waiver in the arbitration agreement; and, because a contract is strictly construed against the drafter, there is nothing precluding the unnamed members who signed the agreement from participating in the class action with Mr. Gembarski as the class representative. We do not agree with Mr. Gembarski's construction of the agreement.

{¶26} A plain reading of the terms of the arbitration agreement demonstrate that it encompasses the claims sought to be raised through the class action lawsuit. The agreement states, in part:

{¶27} The **only** claims that I can bring against PartsSource outside of the ESP [Employment Solution Program] are criminal claims, and claims for workers' compensation or unemployment compensation benefits. * * * **I understand that, by signing this Agreement, and except where prohibited by law, I am giving up forever my right (and that my heirs, spouse, agents and representatives) to file a lawsuit against PartsSource in a court, to seek and obtain legal or equitable relief through a court, and to have a jury decide the claims that I might want to bring against PartsSource.** (Emphasis sic.)

{¶28} The arbitration agreement specifically limits the claims that can be brought outside of the arbitration process, and the claims upon which Mr. Gembarski premises his theories of liability are not listed. Thus, pursuant to expressio unius est exclusio

8

alterius, employees who are/were signatories to the agreement are precluded from filing or participating in the class actions where the right to arbitration is asserted. As such, typicality and adequacy could not be satisfied by recourse to Mr. Gembarski's alternative argument. We accordingly reject the same.

{¶29} For the foregoing reasons, the matter is reversed and remanded to the Portage County Court of Common Pleas for further proceedings consistent with this opinion as well as the Supreme Court's opinion in *Gembarski*, 2019-Ohio-3231.


MATT LYNCH, J.,

MARY JANE TRAPP, J.,

concur.