CUBBERLEY, APPELLANT, *v.* CHRYSLER
CORPORATION ET AL., APPELLEES.

(No. 42240—Decided January 8, 1981.)

*Messrs. Ford, Whitney & Schulz, Mr. Isaac Schulz* and
*Mr. C. Douglas Lovett,* for appellant.

*Mansour, Gavin, Gerlack & Manos Co., L.P.A.,* and *Mr. Jeffrey M. Embleton,* for appellee Chrysler Corporation.

*Roemisch & Wright Co., L.P.A.,* and *Mr. Thomas R. Chase,* for appellee Ganley Dodge, Inc.

JACKSON, J. This is an appeal from the trial court's deci-

sion to grant, upon an express determination of no just cause for delay, the defendants' motions to dismiss the class action allegations and claims of the plaintiff.

The facts pertinent to disposition of this appeal are summarized as follows.

On March 9, 1979, plaintiff entered into a written contract with defendant Ganley Dodge, Inc. (hereinafter "Ganley"), to purchase a new 1979 Dodge Omni for a total purchase price of $4,456.95. Plaintiff made a down payment of $200 against this purchase price, and was promised delivery of the automobile within 4 to 6 weeks of the date of the execution of the purchase agreement. On June 19, 1979, plaintiff's purchase agreement was cancelled by Ganley because defendant Chrysler Corporation (hereinafter "Chrysler") cancelled the order from Ganley for the vehicle which was the subject of the purchase agreement by plaintiff.

On June 20, 1979, plaintiff entered into a new contract for the purchase of a 1979 Dodge Omni, similar to that previously ordered, for a total purchase price of $5,015 or $558.05 more than plaintiff had initially contracted to pay.

On July 2, 1979, plaintiff commenced this action by filing a complaint for declaratory relief, damages, costs and attorneys' fees in the Court of Common Pleas of Cuyahoga County. Plaintiff commenced this action on his own behalf, and on behalf of all other persons similarly situated. The complaint named as defendants both Ganley and Chrysler, individually and as representatives of all Dodge Omni dealers in the state of Ohio.

On August 28, 1979, defendant Ganley answered the complaint and asserted a cross-claim against Chrysler for the amount of any judgment rendered in favor of the plaintiff and against Ganley. That same day Ganley moved to dismiss the class action allegations of plaintiff, and the class action claims asserted by plaintiff against Ganley as a representative of a class of all Dodge Omni dealers in the state of Ohio. On October 9, 1979, pursuant to a stipulation for leave to move or plead executed by the parties, Chrysler timely answered the complaint. That same day, Chrysler answered Ganley's cross-claim, and moved to dismiss the class action allegations of plaintiff and the class action claims asserted by plaintiff against Chrysler as a representative of a class of all Dodge

Omni dealers in the state of Ohio. On December 10, 1979, plaintiff filed a brief in opposition to the motions to dismiss; and, on April 1, 1980, the trial court granted the motions to dismiss the class allegations and claims asserted in the complaint. On April 21, 1980, the trial court entered an express determination that there was no just cause for delay of an appeal from the decision to grant the motions to dismiss; and, on that same day, a notice of appeal was filed by plaintiff.

Although plaintiff assigns three errors,[1] the sole issue to be determined by this court is whether the trial court properly granted the defendants' motions to dismiss. In support of each assignment of error, plaintiff contends that the trial court erred in granting the motions to dismiss because, on the face of the complaint, facts are stated which would allow all or part of the class action to proceed to an evidentiary hearing on a subsequently made motion to certify a plaintiff class and a defendant class.

Civ. R. 23 governs the institution and maintenance of a class action. In pertinent part it provides:

"**(A) Prerequisites to a class action.** One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

"**(B) Class actions maintainable.** *An action may be maintained as a class action if the prerequisites of subdivision (A) are satisfied, and in addition:*

---

[1] The assignments of error:

Assignment of Error No. 1:

"The court erred in dismissing plaintiff's class allegations inasmuch as those allegations were, on their face, more than sufficient to satisfy the requirements of Rule 23."

Assignment of Error No. 2:

"The court below erred in that, prior to dismissing the class allegation herein, it failed to determine whether a class action could proceed with an adjusted class or a limitation of the number of issues to be considered."

Assignment of Error No. 3:

"The court below erred in dismissing plaintiff's allegations pertaining to the existence of a defendant class, since those allegations were facially sufficient to comply with the requirements of Rule 23."

"(1) the prosecution of separate actions by or against individual members of the class would create a risk of

"(a) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class; or

"(b) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; *or*

"(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; *or*

"(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (d) the difficulties likely to be encountered in the management of a class action.

"**(C) Determination by order whether class action to be maintained; notice; judgment; actions conducted partially as class actions.**

"(1) As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. An order under this subdivision may be conditional, and may be altered or amended before the decision on the merits." (Emphasis added.)  ·

The rules of pleading and practice established by the Ohio Rules of Civil Procedure apply in class actions except to the extent that their application would be inconsistent with the provisions of Civ. R. 23.

Civ. R. 8 provides, in pertinent part:

"**(A) Claims for relief.** A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded.

"* * *

"**(E) Pleading to be concise and direct; consistency.**

"(1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required.

"* * *

"**(F) Construction of pleadings.** All pleadings shall be so construed as to do substantial justice."

The pleading stage of a class action should inform the parties of the nature of the claims, the defenses being asserted, and the relief demanded. Cf. Wright & Miller, Federal Practice and Procedure: Civil, Section 1798, at page 240. A party seeking class certification under Civ. R. 23(C) must allege operative facts in his pleadings which, if true, would be sufficient to demonstrate that the requirements of Civ. R. 23(A) and (B) have been met.[2]

For an action to go forward under Civ. R. 23, the pleader seeking to maintain a class action must establish that the four requirements set forth in subdivision (A) of Civ. R. 23 are satisfied and that the action falls within at least one of the three categories described in subdivision (B) of Civ. R. 23. Cf. Wright & Miller, Federal Practice and Procedure: Civil, Section 1798, at page 242. Where a party seeking class certification under Civ. R. 23(C) fails to assert such facts, and where it appears to the court from the pleadings that such party could prove no set of facts sufficient to satisfy the certification requirements of Civ. R. 23(A) and (B), the trial court may, upon

---

[2] Failure to assert such facts renders a pleading, containing class allegations, subject to a motion to strike made by an opposing party pursuant to Civ. R. 23(D)(4).

Civ. R. 23 provides, in part:

"**(D) Orders in conduct of actions.** In the conduct of actions to which this rule applies, the court may make appropriate orders: * * * (4) requiring that the pleadings be amended to eliminate therefrom allegations as to representation of absent persons, and that the action proceed accordingly * * * ."

a motion made pursuant to Civ. R. 23(D)(4), require that the pleadings be amended to eliminate therefrom the allegations pertaining to representation of a class of absent persons.

In the instant case, the plaintiff ultimately sought certification of two separate classes, a class of all plaintiffs similarly situated and a class of defendants consisting of all Dodge Omni dealers in the state of Ohio. Because certification was sought for two different classes, it was incumbent on the plaintiff to assert facts in his pleadings sufficient to satisfy the trial court that the requirements of both Civ. R. 23(A) and Civ. R. 23(B) had been met as to each class.

Although it is apparent from the face of the complaint that plaintiff attempted to satisfy the requirements of Civ. R. 23(A),[3] we are persuaded that the complaint fails to assert

---

[3] Paragraph two of the complaint addresses the requirements of Civ. R. 23(A)(1) with respect to the plaintiff class:

"2. Plaintiff cannot presently ascertain how many persons fall within the plaintiff class described in paragraph 1 but, there having occurred approximately 36 breaches by defendant Ganley Dodge, Inc. alone, the plaintiff class is too numerous to make joinder of all affected purchasers or potential purchasers practicable."

Paragraph five of the complaint addresses the requirements of Civ. R. 23(A)(1) with respect to the defendant class:

"5. Plaintiff cannot presently ascertain how many Ohio Dodge Omni dealers fall within the defendant class described in paragraph 4 but these dealers are too numerous to make their joinder practicable."

Paragraph six of the complaint addresses the requirements of Civ. R. 23(A)(2) with respect to both the plaintiff class and the defendant class:

"6. Among the questions of law or fact common to the plaintiff and defendant classes are the following:

"(a) Whether defendant Chrysler Corporation perpetrated a fraud on plaintiff class by the mass cancellation of dealer and/or customer orders for new 1979 Dodge Omnis or by causing delay or cessation of their manufacture or delivery for the sole purpose of obtaining higher prices than advertised and/or which plaintiff and his class originally had bargained for or agreed upon.

"(b) Whether defendant Chrysler Corporation, by its mass cancellation of dealer and/or customer orders, delay or cessation of delivery and manufacture of the Dodge Omnis and imposition of higher prices than were advertised, bargained for or agreed upon, defrauded plaintiff class and/or breached or caused to be breached warranties of price, availability and reasonable delivery time.

"(c) Whether defendant Chrysler Corporation acted unreasonably, in bad faith or unconscionably or in breach of reasonable commercial practices and the requirements and standards of Chapter 1302, Ohio Revised Code ('Ohio Uniform Commercial Code') and whether such conduct constituted 'unfair or deceptive consumer sales practices' or 'unconscionable consumer sales practices' in violation of Chapter 1345, Ohio Revised Code and the rules promulgated thereunder ('Ohio Consumer Sales Practices Act').

"(d) Whether the defendant dealer class perpetrated a fraud on plaintiff class by

facts sufficient to satisfy any one of the three requirements of Civ. R. 23(B).

To withstand a motion to strike made pursuant to Civ. R. 23(D)(4), plaintiff was required to assert either that the prosecution of separate actions would create a risk of inconsistent adjudications (Civ. R. 23[B][1]), or that the parties opposing the classes have acted or refused to act on grounds generally applicable to the classes (Civ. R. 23[B][2]), or that the questions of law or fact common to members of the classes predominate over any questions affecting only individual members (Civ. R. 23[B][3]). The plaintiff failed to make any such allegation. From the face of the complaint it is apparent that plaintiff could prove no set of facts sufficient to satisfy the certification requirements of Civ. R. 23(B) for either the plaintiff or defendant class. Because plaintiff did not allege facts in his pleadings sufficient to satisfy Civ. R. 23(B), the trial court did not abuse its discretion and properly granted the defendants' motions to dismiss the class allegations and claims of the complaint.[4]

causing mass breaches of purchase agreements or orders for the purpose of obtaining higher prices than were advertised or that plaintiff and his class bargained for or agreed upon.

"(e) Whether the defendant dealer class by its mass breaches of purchase agreements or orders with purchasers or potential purchasers and its imposition of higher prices than originally advertised, bargained for, or agreed upon, defrauded or caused to be defrauded the plaintiff class and violated the above-referred to warranties, practices and provisions of the Ohio Uniform Commercial Code and Ohio Consumer Sales Practices Act.

"(f) Whether uniform provisions in Omni dealer purchase contracts which provide for a pass-through of price increases from the manufacturer to the purchaser are valid under contract law, the Ohio Uniform Commercial Code or the Ohio Consumer Sales Practices Act."

Paragraph seven of the complaint addresses the requirements of Civ. R. 23(A)(3) and (A)(4) with respect to both the plaintiff class and the defendant class:

"7. Since plaintiff's purchase agreement for a new 1979 Omni was breached by Ganley Dodge purportedly because of defendant Chrysler Corporation's cancellation of Ganley's order for such vehicle and since plaintiff was compelled to purchase a similar Omni at a higher price, plaintiff's claims and Ganley's defenses are typical of the claims and defenses of the plaintiff and defendant classes described above and the parties will fairly and adequately protect the interests of the classes they represent."

[4] It is significant that this case involves a motion made pursuant to Civ. R. 23(D)(4) and not a motion made pursuant to Civ. R. 23(C).

In *Financial Investment Research & Marketing Agency* v. *North Eastern Ohio Teachers Assn.* (Cuyahoga Co. Ct. of Appeals No. 41461, July 10, 1980), unreported, this court held that a trial court may not summarily overrule a Civ. R. 23(C) motion

Accordingly, the assignments of error are not well taken, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STILLMAN, P. J., PARRINO, J., concur.

without conducting an evidentiary hearing into the nature of the case. However, see *Dery* v. *Lake Volkswagen, Inc.* (Cuyahoga Co. Ct. of Appeals No. 36647, March 30, 1978), unreported (holding that where it is clear from the allegations on the face of the complaint that the party seeking class certification could prove no set of facts sufficient to satisfy the requirements of both Civ. R. 23[A] and Civ. R. 23[B], the trial court may deny a motion to certify made pursuant to Civ. R. 23[C], without first granting the movant an evidentiary hearing pursuant to Civ. R. 23[C][1]).

Because the instant case involves a Civ. R. 23(D)(4) motion to eliminate class allegations from a pleading, cases involving disposition of a Civ. R. 23(C) motion to certify are inapposite.