JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff Colleen Hoban appeals from the decision of the trial court which awarded summary judgment to defendant National City Bank ("NCB") in her individual action and proposed class action for breach of contract. For the reasons set forth below, we reverse and remand for further proceedings consistent with this opinion.
 {¶ 2} On August 29, 2003, plaintiff filed this action against NCB, both individually and on behalf of all other members of a proposed class of similarly situated bank customers, and alleged that NCB had breached an agreement to charge 0% annual percentage rate to new credit card accounts. Plaintiff asserted that on or about June 25, 2003, in response to such offer, she transferred the $3,370 balance on an existing credit card account to an NCB credit card account. She later received a bill from NCB which indicated that NCB had imposed a finance charge of $8.75, representing an annual percentage rate of 7.9%. Upon her complaint to an NCB representative, the charge was subsequently reversed on or about July 16, 2003.
 {¶ 3} Plaintiff further alleged that on or about July 23, 2003, she transferred the $4,054.93 balance on a second account to the NCB credit card. On or about August 7, 2003, NCB imposed a finance charge in the amount of $8.74, representing an annual percentage rate of 7.90 percent, contrary to NCB's claim that such accounts would be subject to 0% annual percentage rate. Plaintiff also alleged, pursuant to Civ.R. 23(A), that the class members were so numerous as to render individual joinder impractical, that there were common questions of fact and law which predominated, that her claims were typical of the claims of the class. She further alleged, pursuant to Civ.R. 23(B), that a class action is the superior method of adjudicating this dispute. In its answer, NCB admitted that the finance charges were assessed, but that the finance charge assessed to the first account had been reversed following plaintiff's inquiry to the NCB customer service department, and the finance charge assessed to the second account had been reversed on September 9, 2003. NCB further maintained that "no such class of [similarly situated] injured persons exists" but it filed a protective order staying discovery, complaining that plaintiff's class action related discovery requests were expensive and burdensome, and that plaintiff's claims had become moot because the accounts had been credited.
 {¶ 4} On November 18, 2003, NCB moved for summary judgment. It maintained that plaintiff could not maintain a cause of action for breach of contract because the disputed finance charge of $8.74 had been reversed, and plaintiff was no longer responsible for this amount. NCB averred, in short, that the charges were erroneously posted, that plaintiff was not responsible for them, and that should similar posting errors occur during the interval ending in January 2004, plaintiff will not be responsible for them. Plaintiff filed a brief in opposition in which she indicated that in a bill from September 8, 2003, NCB imposed a "minimum Finance Charge" of $.50, a second finance charge of $.02, and did not reverse the finance charge of $8.74 until October 8, 2003, or after this suit had been commenced. Plaintiff further asserted that NCB had reversed the charge of $8.74 simply as a ploy to defeat the class action, and that the matter was not moot because she intended to diligently pursue the class action claims, and that other finance charges (imposed as minimum finance charges) had been charged to the accounts. On February 26, 2004, the trial court granted NCB's motion for summary judgment, concluding that plaintiff no longer had a "case or controversy." The court then noted that no motion for class action certification was pending at the time plaintiff's claim became moot. Plaintiff now appeals.
 {¶ 5} Plaintiff maintains that the trial court committed reversible error in granting summary judgment to NCB. In support of this contention, plaintiff asserts that the trial court erroneously permitted NCB to "involuntarily moot" her claims, thereby defeating the proposed class action. She further asserts that the trial court erred in determining that the class action allegations could survive only if a motion for class certification was pending when it ruled that her individual claims had become moot. Finally, plaintiff asserts that the trial court erred in refusing to allow discovery to proceed.
 {¶ 6} We employ a de novo review in determining whether summary judgment was properly granted. Grafton v. Ohio EdisonCo., 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241;Zemcik v. La Pine Truck Sales Equipment (1998),124 Ohio App.3d 581, 585, 706 N.E.2d 860.
 {¶ 7} Summary judgment is appropriate where: "(1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem.Corp. (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Zivich v. Mentor Soccer Club, 82 Ohio St.3d 367, 369-70,1998-Ohio-389, 696 N.E.2d 201.
 {¶ 8} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Mootispaw v. Eckstein, 76 Ohio St.3d 383, 385,1996-Ohio-389, 667 N.E.2d 1197.
 {¶ 9} Also with regard to procedure, we note that an appeal is moot when there is no actual controversy to be resolved by the appeal, which would result in the court issuing a mere advisory opinion on abstract questions. Thomas v. Cleveland (2000),140 Ohio App.3d 136, 142, 746 N.E.2d 1130. However, a court may rule on an otherwise moot case where the issues raised are capable of repetition, yet evading review. State ex rel. Beacon JournalPub. Co. v. Donaldson (1992), 63 Ohio St.3d 173; 586 N.E.2d 101.
 {¶ 10} With regard to class actions, the named plaintiff must be a member of the class he or she seeks to represent and, in connection with this requirement, must have standing. Woods v.Oak Hill Community Med. Ctr. (1999), 134 Ohio App.3d 261,730 N.E.2d 1037, citing Hamilton v. Ohio Sav. Bank (1998),82 Ohio St.3d 67, 70, 694 N.E.2d 442. This question depends on whether the party has alleged a personal stake in the outcome of the controversy. Id. The Oak Hill Court explained:
 {¶ 11} This "personal stake" requirement has three basic elements: (1) "injury in fact" to the plaintiff that is concrete and particularized; (2) a causal connection between the injury and the conduct complained of; and (3) redressability, i.e. that it is likely that the injury will be redressed by a favorable decision granting the relief requested. "* * * The fact that a plaintiff seeks to bring a class action does not change this standing requirement. Individual standing is a threshold to all actions, including class actions."
 {¶ 12} Id., at 269.
 {¶ 13} The Court then concluded that because the plaintiff lacked individual standing, he could not maintain a class action. The Court raised the following concern, however:
 {¶ 14} "The more troubling situation arises when a named plaintiff's claims become moot before the trial court's ruling on a certification motion. In that instance, the concern is that the defendant could `pick off' a named plaintiff's claims before class certification in an attempt to have the class action dismissed as moot. As a practical matter, allowing the class action to be mooted would prevent the class from ever becoming certified. Accordingly, courts have recognized that this type of defense strategy `could prevent courts from ever reaching the class action issues, [leaving class certification] at the mercy of the defendant, even in cases where a class action would be most clearly appropriate.' Susman v. Lincoln American Corp.
(C.A.7, 1978), 587 F.2d 866, certiorari denied (1980),445 U.S. 942, 100 S.Ct. 1336, 63 L.Ed.2d 775. Thus, in situations where a pending motion for class certification is pursued with reasonable diligence, the class action will not be mooted by a defendant's efforts to `pick off' claims of the named plaintiffs by tendering the relief sought. Id. See, also, Brunet v. City of Columbus
(C.A.6, 1993), 1 F.3d 390, 400; Lusardi v. Xerox Coro. (C.A.3, 1992), 975 F.2d 964, 981-82; Reed v. Heckler (C.A.10, 1985),756 F.2d 779, 786-87; Zeidman v. J. Ray McDermott Co. (C.A.5, 1981), 651 F.2d 1030, 1050-51."
 {¶ 15} Accord Deposit Guaranty Nat. Bank, Jackson, Miss. v.Roper (1980), 445 U.S. 326, 327, 63 L. Ed.2d 427,100 S.Ct. 1166:
 {¶ 16} "To deny the right to appeal simply because the defendant has sought to `buy off' the individual private claims of the named plaintiffs would be contrary to sound judicial administration. Requiring multiple plaintiffs to bring separate actions, which effectively could be `picked off' by a defendant's tender of judgment before an affirmative ruling on class certification could be obtained, obviously would frustrate the objectives of class actions; moreover it would invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement. It would be in the interests of a class-action defendant to forestall any appeal of denial of class certification if that could be accomplished by tendering the individual damages claimed by the named plaintiffs."
 {¶ 17} In Deposit Guaranty, credit card holders brought a class action challenging finance charges levied on their accounts and those of similarly situated card holders. Id. at 328-29. After the district court denied their motion for class certification, the bank tendered to each named plaintiff the maximum amount he would have received individually. The named plaintiffs refused the offer, but the court entered judgment in favor of defendants and dismissed the action as moot.
 {¶ 18} The Fifth Circuit Court of Appeals reversed and stated,
 {¶ 19} "The notion that a defendant may short-circuit a class action by paying off the class representatives either with their acquiescence or, as here, against their will, deserves short shrift. Indeed, were it so easy to end class actions, few would survive." Roper v. Consurve, Inc. (5th Cir. 1978),578 F.2d 1106, 1110.
 {¶ 20} Thereafter, the Supreme Court affirmed. AlthoughRoper dealt with the issue of standing, the aforementioned considerations are relevant in light of the truncated proceedings below.
 {¶ 21} Defendant insists that the considerations discussed inDeposit Guaranty National Bank v. Roper, supra, and Woods v.Oak Hill Community Med. Ctr., supra, are inapplicable since plaintiff had not filed a motion for certification of the class prior to the entry of summary judgment for NCB. See Brunet v.Columbus (6th Cir. 1993), 1 F.3d 390.
 {¶ 22} We note, however, that other cases have rejected mootness claims where the named plaintiff did not have an opportunity to file a motion to certify the class prior to the defendant's tender of settlement to the named plaintiff. SeeWeiss v. Regal Collections (3rd Cir. Sep. 29, 2004) Case No. 03-4033, 2004 U.S. App. LEXIS 20503 (proposed class action was erroneously dismissed as moot, even though the named plaintiff did not move for class certification prior to defendant's offer of judgment, where the defendants made offer of judgment less than two months after the complaint was filed and well before plaintiff had a reasonable opportunity to file such motion);White v. OSI Collection Services, Inc. (E.D.N.Y. Nov. 5, 2001), 01 Civ. 1343, 2001 U.S. Dist. LEXIS 19879 (mootness doctrine not applied where the defendant made an offer of judgment to the plaintiff one day after the defendant answered in strategic tender of an offer of judgment with the specific purpose of mooting plaintiff's claim prior to class certification); Schaakev. Risk Management Alternatives, Inc. (S.D.N.Y. 1996),203 F.R.D. 108, 111 (defendant's motion to dismiss a proposed class action as moot following defendant's Rule 68 offer of judgment was denied where the offer was made 32 days after complaint was filed, well before plaintiff could be reasonably expected to file its class certification motion); Liles v. American CorrectiveCounseling Services, Inc. (S.D. Iowa 2001), 201 F.R.D. 452, 2001
WL 769591 (ruling on motion to dismiss proposed class action as moot was not dependent upon whether or not class certification has been filed; "it would encourage a `race to pay off' named plaintiffs very early in litigation, before they file motions for class certification.)"
 {¶ 23} Moreover, we conclude that the considerations set forth in Deposit Guaranty National Bank v. Roper, supra, are no less compelling in this matter, as plaintiff did not have a reasonable opportunity to file a motion for certification, given that NCB filed a motion to stay class wide discovery, and NCB filed its motion for summary judgment when the case had been pending for less than three months. Moreover, notwithstanding NCB's reversal of posted charges and blanket assertion that plaintiff would not be responsible for other charges which may be posted in the future, there are serious questions as to whether this dispute is capable of repetition but evading review. Accordingly, we reverse the trial court's entry of summary judgment for NCB and remand this matter for further proceedings consistent with this opinion.
 {¶ 24} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellees their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J., and Rocco, J., concur.