[Cite as *Midland Funding, L.L.C. v. Hottenroth*, 2023-Ohio-923.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

MIDLAND FUNDING LLC,  :

    Plaintiffs-Appellees/  :
    Cross-Appellants,

                       :        No. 111328

    v.

                       :

DUSTIE HOTTENROTH,

                       :

    Defendant-Appellant/
    Cross-Appellee.      :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART; DISMISSED IN PART
**RELEASED AND JOURNALIZED:** March 23, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-10-729712

---

### *Appearances:*

Dinsmore & Shohl, LLP, and H. Toby Schisler, *for appellee/cross-appellant* Midland Funding, LLC.

Gallagher Sharp LLP, Lori E. Brown, Richard C.O. Rezie, and Maia E. Jerin, *for appellee/cross-appellant* Javitch, Block & Rathbone LLP.

The Misra Law Firm, LLC, and Anand N. Misra; Robert S. Belovich, *for appellant/cross-appellee.*

FRANK DANIEL CELEBREZZE, III, P.J.:

{¶ 1} Appellant Dustie Hottenroth ("Hottenroth") appeals the judgment of the Cuyahoga County Court of Common Pleas denying her motion for class certification and her motion to compel. Appellee/cross-appellant Midland Funding LLC ("Midland") and appellee/cross-appellant Javitch Block ("Javitch") each cross-appeal the judgment of the trial court denying their motion for reconsideration of the court's denial of their prior motions for summary judgment. After a thorough review of the applicable law and facts, we affirm in part the judgment of the trial court and dismiss the remainder of the cross-appeals.

## I. Factual and Procedural History

{¶ 2} This matter began as a collection suit instituted by Midland in 2010. The earlier factual and procedural history of this matter was outlined by this court in *Midland Funding L.L.C. v. Hottenroth*, 2014-Ohio-5680, 26 N.E.3d 269 (8th Dist.) ("*Hottenroth I*") as follows:

> Midland Funding began pursuing debt collection actions culminating in the April 5, 2010 filing of the underlying claim against [Hottenroth], based on the xxxx-xxxx-xxxx-9562 account, seeking a judgment in the amount of $4,129.81. Midland Funding used a Euclid, Ohio, address for [Hottenroth] for the purposes of serving [Hottenroth] and establishing venue in Ohio. [Hottenroth] disputed residing at that address at the commencement of the case, claiming to have moved there at the end of April 2010.
>
> [Hottenroth] answered the complaint and filed a counterclaim asserting on behalf of herself and other similarly situated persons, several claims against the defendants for violations of the Fair Debt Collection Practices Act ("FDCPA") and Ohio's Consumer Sales Practices Act ("OCSPA"). Succinctly stated, [Hottenroth] claimed that the defendants violated the FDCPA and OCSPA by (1) commencing and

maintaining a time-barred lawsuit; (2) concealing material information in the lawsuit; (3) making false representations in the lawsuit; (4) demanding interest and costs in the lawsuit; (4) [sic] causing the lawsuits to be reported to the credit bureaus; (5) filing lawsuits without conducting an adequate investigation of the debt; and (6) filing the lawsuit in a territory in which [Hottenroth] did not reside. [Hottenroth] also advanced common law tort claims of abuse of process, defamation, civil conspiracy, and fraud.

The trial court granted Midland Funding leave to amend the complaint, filed on August 13, 2010. Three days later, Midland Funding dismissed the complaint without prejudice, prior to the deadline to file an answer. Simultaneously, Midland Funding argued that the entire case should be dismissed because the amended complaint was dismissed prior to an amended answer, and according to Midland Funding, the counterclaim ceased to exist. The trial court dispensed with that argument, but upon summary judgment, condensed [Hottenroth]'s claims into two basic causes of action based on the filing of a time-barred claim in a territory in which [Hottenroth] did not reside.

The trial court determined that there were no genuine issues of material fact regarding the date that the cause of action accrued and where [Hottenroth] lived on April 5, 2010. The trial court determined that all of [Hottenroth]'s claims failed as a matter of law because the 15-year statute of limitations, pursuant to the version of R.C. 2305.06 in effect at the time, applied to the facts of this case because the cause of action accrued in October 2004 when the account was closed. In so ruling, the trial court expressly relied on the statute of limitations prior to the April 7, 2005 enactment of the borrowing statute, R.C. 2305.03(B). Further, the trial court held that [Hottenroth] lived at the Euclid, Ohio address on the date the action was commenced. [Hottenroth] timely appealed from the trial court's decision.

* * *

Before addressing the merits of the appeal, we must address the procedural posture of this case. [Hottenroth]'s counterclaim advanced claims on behalf of a putative class. In the midst of several discovery disputes, the trial court indefinitely stayed discovery on the class certification issue, and only allowed [Hottenroth] to proceed with discovery on the merits of her individual claims. In granting the defendants' motion for summary judgment, the trial court dismissed the counterclaim. On appeal, this court sought additional briefing on

whether the dismissal of [Hottenroth]'s individual counterclaims created a final appealable order in light of the fact that the order omitted any reference to disposing of the class action claims. Both parties filed supplemental briefs agreeing that the trial court's summary judgment opinion disposed of all claims.

We are compelled to note, however, that the defendants' claim that the class action allegations were mooted — by the fact that [Hottenroth] failed to advance claims for class certification prior to the court's resolution of her individual claims — is misplaced. The trial court's intercession staying discovery absolved Miller of the responsibility of filing for class certification in order to preserve the putative class's claims for appeal. *See Hoban v. Natl. City Bank*, 8th Dist. Cuyahoga No. 84321, 2004-Ohio-6115, ¶ 22 (string citing authority stating that the "mootness doctrine" could not be invoked in situations where a plaintiff is prevented from seeking class certification). Nevertheless, the trial court's June 25, 2013 order granting judgment in the defendants' favor dismissed the entirety of [Hottenroth]'s counterclaim, including any class action component. [Hottenroth] never challenged this dismissal with respect to the class-wide allegations, and therefore, all claims were disposed of for the purposes of R.C. 2505.02. Further, [Hottenroth] only appealed the trial court's decision with respect to her individual claims, so we need not delve into the class action component of the counterclaim.

*Hottenroth I* at ¶ 9-15.

{¶ 3} Ultimately, this court found that genuine issues of material fact remained with regard to Hottenroth's individual claims and reversed "the trial court's decision granting summary judgment upon [Hottenroth]'s individual claims." *Id.* at ¶ 30. The case was therefore reversed in part and remanded for further proceedings.

{¶ 4} Following remand, the trial court held a case management conference where the parties requested the opportunity to submit briefing regarding the implications of *Hottenroth I* and "whether it narrowed the issues for this court's

consideration and how that would impact proceeding with class certification." After

reviewing the briefing, the court determined:

> The Eighth District's mandate in this case did not "lay to rest" all issues relevant to class certification. Rather, the appellate decision explicitly declined to make any such determination stating simply that: "We need not delve into the class action component of the counterclaim." Since this court only made determinations as to "individual claims" there was nothing else for the appellate court to reverse as to the class claims. Moreover, since there was no decision of this court as to the "class component" of the counterclaim, the appellate court did not and could not (as explained in the preceding section) render a reversal of such a determination. Thus, no issue of class certification was implicated in the remand mandate to this court for "further proceedings."

{¶ 5} Javitch and Midland (collectively "appellees") filed motions for

summary judgment, which were mostly denied in November 2017. In August 2019,

appellees filed motions for reconsideration of the motions for summary judgment,

which were also denied.

{¶ 6} In November 2020, Hottenroth filed a motion seeking certification of a

class of Ohio consumers against whom appellees have allegedly filed time-barred

lawsuits. Appellees opposed the motion and moved to strike the affidavit of one of

Hottenroth's counsel. The motion to strike was denied, and the court held a hearing

on the class-certification motion.

{¶ 7} In July 2021, Javitch and Midland again filed motions for

reconsideration of their summary judgment motions, based upon the passage of

S.B. 13, which amended Ohio's borrowing statute, R.C. 2305.03(B). The court

denied these motions. In the same judgment entry, the court denied Hottenroth's motion for class certification.

{¶ 8} Hottenroth then filed the instant appeal, raising four assignments of error for our review:

1. The trial court committed prejudicial error in finding the proposed class definition created an impermissible fail-safe class.

2. The trial court committed a prejudicial error in finding that the proposed class was not readily identifiable with a reasonable effort.

3. The trial court committed prejudicial error in finding that issues common to the proposed class do not predominate over individual ones, and that the class action is not a superior means of adjudication compared to individual adjudication.

4. The trial court committed prejudicial error in denying the motion to compel purchase agreements.

{¶ 9} Midland cross-appealed, assigning one error for our review:

1. The trial court erred by not retroactively applying the amended version of Ohio's borrowing statute in denying Midland's motion for reconsideration.

{¶ 10} In addition, Javitch cross-appealed, raising three cross-assignments of error of its own:

1. The trial court erred in finding that the amendments to R.C. 2305.03(B) and 2305.07(C) ("S.B. 13") are inapplicable/unconstitutional as applied to Hottenroth individually and/or the absentee members of the proffered class.

2. The trial court erred in finding the cause of action against Hottenroth accrued on March 15, 2007 under Delaware law.

3. The trial court erred in denying the motion to strike [Hottenroth's counsel]'s affidavit and exhibit.

{¶ 11} Prior to oral argument, we requested the parties submit additional briefing on the following issue: whether the law of the case precluded further adjudication of class-action claims in this matter and whether the trial court went beyond the remand from *Hottenroth I* in considering the motion for class certification.

## II. Law and Argument

{¶ 12} We will begin with the issue that was the subject of the supplemental briefing since it is dispositive of a large portion of this appeal. To reiterate, in *Hottenroth I*, we noted that Hottenroth's counterclaim advanced claims on behalf of a putative class. The trial court had stayed discovery on the issue of class certification and proceeded to adjudicate only Hottenroth's individual claims.

{¶ 13} The trial court granted appellees' motion for summary judgment, dismissing Hottenroth's individual claim. Because the judgment did not reference the class-action claims, the *Hottenroth I* Court questioned whether a final appealable order existed in the matter. Both parties filed supplemental briefs agreeing that the trial court's summary judgment opinion disposed of *all* claims.

{¶ 14} Consequently, the *Hottenroth I* Court found that the trial court's order granting judgment in appellees' favor dismissed the entirety of Hottenroth's counterclaim, which included any class-action component, and proceeded to the merits of the appeal. Hottenroth did not challenge the dismissal of the class allegations and only appealed the trial court's decision with respect to her individual

claims.  Accordingly, the *Hottenroth I* panel did not address the dismissal of the class-action claim.

{¶ 15} The matter is now before us again following the trial court's denial of the class-certification motion.  However, given the procedural particularities of *Hottenroth I*, we must address whether the issue of class certification is properly before us.

{¶ 16} In their supplemental briefs on this issue, Midland and Javitch argue that pursuant to the law of the case and the scope of the *Hottenroth I* mandate, the trial court lacked jurisdiction to consider any issue related to the dismissed class claims.  Midland asserts that the trial court's granting of summary judgment on the counterclaim operated as a decision on the merits, and when Hottenroth failed to appeal the dismissal of the class claims, those claims were terminated.  In addition, Javitch contends that Hottenroth knowingly and voluntarily waived her right to pursue class relief when she failed to appeal from the dismissal of the class-action counterclaims as representative of the class or assign error to the dismissal of the class-action counterclaims.

{¶ 17} In her supplemental briefing, Hottenroth argues that the class members were not a party to the case, and the class claims were not a justiciable controversy before the trial court or this court.  She maintains that the class claims were not capable of being dismissed by the trial court nor were they capable of being appealed.

{¶ 18} Hottenroth contends that the law-of-the-case doctrine does not apply to this matter because this court never considered or decided issues regarding the class claims during *Hottenroth I*. She further asserts that the law of the case does not apply due to an intervening Supreme Court of Ohio decision, to wit: *Gembarski v. PartsSource, Inc.*, 157 Ohio St.3d 255, 2019-Ohio-3231, 132 N.E.2d 1175, which stated that "unnamed putative class members are not parties to an action prior to class certification." *Id.* at ¶ 29.

{¶ 19} A court of appeals is a court of limited jurisdiction. The Ohio Constitution limits appellate jurisdiction to the review of judgments or final orders. Ohio Constitution, Article IV, Section 3(B)(2); *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, ¶ 10. A final appealable order, as defined by R.C. 2505.02, includes an order that "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" R.C. 2505.02(B)(1). "An order determines the action and prevents a judgment when it 'dispose[s] of the merits of the cause or some separate and distinct branch thereof and leave[s] nothing for the determination of the court[.]'" *Crown Servs. v. Miami Valley Paper Tube Co.*, 162 Ohio St.3d 564, 2020-Ohio-4409, 166 N.E.3d 1115, ¶ 17, quoting *VIL Laser Sys., L.L.C. v. Shiloh Industries, Inc.*, 119 Ohio St.3d 354, 2008-Ohio-3920, 894 N.E.2d 303, ¶ 8. An "appellate court is without jurisdiction to entertain the appeal until all of the intertwined claims are final." *Pesta v. Parma*, 8th Dist. Cuyahoga No. 92363, 2009-Ohio-3060, ¶ 13, citing *Ollick v. Rice*, 16 Ohio App.3d 448, 476 N.E.2d 1062 (8th Dist.1984).

{¶ 20} In the prior appeal, Hottenroth invoked the limited jurisdiction of this court by maintaining that the trial court had dismissed *all* claims, including the class claims, thus resulting in a final appealable order. On appeal, this court was to review and affirm, modify, or reverse the judgment or final order appealed on its merits on the assignments of error set forth in the briefs. App.R. 12(A).

{¶ 21} By acknowledging that the class claims had been dismissed yet not appealing the dismissal of those claims, Hottenroth abandoned her class claims and they could not be revived by the trial court. *See, e.g., State Farm Fire & Cas. Co. v. Chrysler Corp.*, 37 Ohio St.3d 1, 5, 523 N.E.2d 489 (1988) (appellate court's remand erroneously revived claims that had been abandoned on appeal); *Boyd v. Lincoln Elec. Co.,* 179 Ohio App.3d 559, 2008-Ohio-6143, 902 N.E.2d 1023, ¶ 62 (8th Dist.); *Adena at Miami Bluffs Condominium Owners' Assn. v. Woodward,* 12th Dist. Warren No. CA2020-08-044, 2021-Ohio-3872, ¶ 22 (noting that appellant abandoned some of his claims by not referring to them at all in his appellate briefing); *Post v. Bradshaw,* 621 F.3d 406, 413-414 (6th Cir.2010), *cert. denied*, 131 S.Ct. 2902, 179 L.Ed.2d 1249 (2011); *St. John v. Bosley, Inc.,* 481 Fed.Appx. 988, 990 (6th Cir.2012) (because appellant did not challenge the dismissal of his claims, these issues were deemed abandoned and not reviewable on appeal); *United States v. Johnson,* 440 F.3d 832, 845-846 (6th Cir.2006) ("An appellant abandons all issues not raised and argued in its initial brief on appeal.").

{¶ 22} Thus, after the *Hottenroth I* Court reversed the judgment relating to Hottenroth's individual claims and remanded the matter, the only claims pending

before the trial court were her individual claims. The dismissal of the class claims had not been reversed, and therefore those claims were not part of the remand. Upon a partial remand, the trial court is to proceed from the point at which error occurred. *Tye v. Bd. of Edn. of Polaris Joint Vocational School Dist.*, 44 Ohio App.3d 76, 541 N.E.2d 466 (8th Dist.1988). The lower court is obligated to accept all other issues previously adjudicated as finally determined. *Day v. Day*, 10th Dist. Franklin No. 90AP-745, 1991 Ohio App. LEXIS 2325, 4 (May 14, 1991), citing *Blackwell v. Internatl. Union, U.A.W.*, 21 Ohio App.3d 110, 487 N.E.2d 334 (8th Dist.1984); *see also Oliver v. Empire Equip. Co.*, 8th Dist. Cuyahoga No. 48686, 1985 Ohio App. LEXIS 6357, 5 (Apr. 11, 1985) ("A trial court must follow the mandate of the appellate court and, in the case of a partial remand, the trial court may not try any issue other than that set forth in the mandate.").

{¶ 23} The class claims had been dismissed and were not appealed, thus rendering them finally determined. Hottenroth did not move for reconsideration of the class-claims issue by this court nor did she seek to have the cause certified to the Supreme Court of Ohio. When she declined to follow the procedural avenues open to her, the dismissal of the class claims became the law of the case, and the trial court was bound to follow the mandate of this court.

{¶ 24} The Supreme Court of Ohio has held:

> Although the law-of-the-case doctrine generally is "a rule of practice rather than a binding rule of substantive law," *Nolan* [*v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984)], we have also explained that "the Ohio Constitution 'does not grant to a court of common pleas jurisdiction to review a prior mandate of a court of appeals.'" *State ex*

*rel. Cordray v. Marshall*, 123 Ohio St.3d 229, 2009-Ohio-4986, 915 N.E.2d 633, ¶ 32, quoting *State ex rel. Potain v. Mathews*, 59 Ohio St.2d 29, 32, 391 N.E.2d 343 (1979). The doctrine therefore "functions to compel trial courts to follow the mandates of reviewing courts," *Nolan* at 3, and "[a]bsent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case," *id.* at the syllabus.

*Giancola v. Azem*, 153 Ohio St.3d 594, 2018-Ohio-1694, 109 N.E.3d 1194, ¶ 15.

{¶ 25} Hottenroth argues that we are not bound by the law of the case in this matter due to the Supreme Court of Ohio's intervening decision in *Gembarski*, 157 Ohio St.3d 255, 2019-Ohio-3231, 132 N.E.2d 1175. Hottenroth attempts to apply *Gembarski* to the instant matter by arguing that because the putative class was not a party to the case at the time the court granted summary judgment on the counterclaim, there was no "justiciable controversy" between appellees and the unnamed putative class members. Hottenroth therefore concludes that there were no pending class claims to be disposed of by the trial court.

{¶ 26} Hottenroth's interpretation and application of *Gembarski* is misguided. The plaintiff in *Gembarski* sued his former employer, PartsSource Inc. ("PartsSource"), asserting claims on behalf of a putative class, which included current and former employees of PartsSource. After the plaintiff moved for class certification, PartsSource argued that the plaintiff could not adequately represent the class because the company had instituted an alternative-dispute-resolution program and employees who entered into an arbitration agreement waived their

right to file a lawsuit in favor of arbitration. However, the plaintiff had refused to sign the arbitration agreement and was therefore not bound to arbitrate his claim.

{¶ 27} The plaintiff argued that PartsSource had waived the defense of arbitration because it had participated in the litigation without raising the defense. PartsSource argued that it would have been premature to raise any argument related to the defense of arbitration prior to the class-certification phase.

{¶ 28} The trial court determined that PartsSource had, in fact, waived its right to arbitration by actively and vigorously participating in the litigation without seeking arbitration and granted the plaintiff's motion for class certification. PartsSource appealed, and the Eleventh District affirmed the judgment of the trial court.

{¶ 29} The Supreme Court of Ohio accepted the appeal and reversed the appellate court's judgment. The court found that "PartsSource did not waive the right to raise the arbitration defense, because prior to the class-certification stage of the proceedings, PartsSource did not have a right to arbitrate with Gembarski, who was the only named party." *Gembarski*, 157 Ohio St.3d 255, 2019-Ohio-3231, 132 N.E.2d 1175, at ¶ 44. The court held that "unnamed putative class members are not parties to the class action prior to class certification." *Id*. at ¶ 29

{¶ 30} Thus, *Gembarski* involved the assertion of a defense that pertained to class members but not the named plaintiff, which is distinguishable from the instant matter. Hottenroth appears to conflate the class members' status as parties to the action with the actual existence of the class action. She extrapolates that a class

action does not exist until the class-certification phase. However, Ohio law is clear that class actions are commenced with the filing of a claim containing class allegations. *See, e.g., Cubberley v. Chrysler Corp.*, 70 Ohio App.2d 264, 437 N.E.2d 1 (8th Dist.1981), paragraph three of the syllabus (noting that under Civ.R. 23(D)(4) the trial court may require that the pleadings be amended to eliminate allegations pertaining to representation of a class of absent persons where the complaint fails to assert such facts and it appears the party can plead no facts sufficient to satisfy class certification requirements); *Dumas v. N.E. Auto Credit, L.L.C.*, 8th Dist. Cuyahoga Nos. 108151 and 108388, 2019-Ohio-4789 (party sought leave to amend complaint to add class allegations); *Waterman v. Christy*, 10th Dist. Franklin No. 87AP-866, 1988 Ohio App. LEXIS 893, 2 (Mar. 15, 1988) ("It is well-established that a complaint is subject to a motion to strike in accordance with Civ.R. 23(D)(4) where there is a failure to properly plead operative facts."); *Glazer v. Reimer*, N.D.Ohio No. 1:09CV1262, 2018 U.S. Dist. LEXIS 51905, 3-4 (Mar. 28, 2018) (noting a prior ruling in the case that found a motion for class certification to be premature because there were no class allegations in the complaint); *see also Collins v. Palatine*, 875 F.3d 839, 845 (7th Cir.2017) ("An uncertified class-action suit is decidedly not a class action once all class claims have been dismissed.").

{¶ 31} In this matter, a class action was commenced by the filing of Hottenroth's counterclaim containing class allegations. However, the class claims alleged in the counterclaim were dismissed and not appealed. On remand, the only remaining claim to litigate was Hottenroth's individual claims. Thus, the trial court

lacked jurisdiction to go beyond the remand of this court in *Hottenroth I*, which only reversed the dismissal of the individual claims. The court's consideration and adjudication of the motion for class certification was in error, although since the court denied the motion for class certification, the parties are in the same positions. Accordingly, we overrule all of Hottenroth's assignments of error and affirm the judgment of the trial court. In addition, Javitch's third cross-assignment of error, which related to the denial of its motion to strike an exhibit to Hottenroth's motion for class certification, has been rendered moot.

{¶ 32} We now turn to the cross-appeals and the remaining errors assigned by appellees, which arise from trial court's denial of their motions for reconsideration of their prior motions for summary judgment.

{¶ 33} As noted above, this court's jurisdiction is limited to reviewing final appealable orders. *Rae-Ann Suburban, Inc. v. Wolfe*, 8th Dist. Cuyahoga No. 107536, 2019-Ohio-1451, ¶ 9, citing Article IV, Section 3(B)(2), Ohio Constitution, R.C. 2505.02 and 2505.03. As such, we have "a duty to examine, sua sponte, potential deficiencies in jurisdiction." *Id.*, citing *Scheel v. Rock Ohio Caesars Cleveland, L.L.C.*, 8th Dist. Cuyahoga No. 105037, 2017-Ohio-7174, ¶ 7, and *Arch Bay Holdings, L.L.C. v. Goler*, 8th Dist. Cuyahoga No. 102455, 2015-Ohio-3036, ¶ 9. "Courts are required to analyze each argument raised to determine whether it is addressed to an issue that constitutes an appealable order." *Blue Technologies Smart Solutions, LLC v. Ohio Collaborative Learning Solutions, Inc.*, 8th Dist. Cuyahoga No. 110501, 2022-Ohio-1935, ¶ 12, citing *Lightbody v. Rust*, 137 Ohio

App.3d 658, 665-666, 739 N.E.2d 840 (8th Dist.2000); *see also Washington v. Spitzer Mgt.*, 8th Dist. Cuyahoga No. 81612, 2003-Ohio-1735, ¶ 62-63 ("Lacking a final appealable order pursuant to R.C. 2505.02 and Civ.R. 54(B), we have no jurisdiction to consider appellant's assignment of error regarding the trial court's order denying its motion for summary judgment and, therefore, we dismiss that portion of Spitzer's appeal."); *Ingram v. Adena Health Sys.*, 149 Ohio App.3d 447, 452, 2002-Ohio-4878, 777 N.E.2d 901, ¶ 18 (4th Dist.) ("We do not address this argument because the privilege issue is the only part of the trial court's order that comports with the definition of 'final order' pursuant to R.C. 2505.02(B)."); *Cuyahoga Supply & Tool v. Kilbane*, 8th Dist. Cuyahoga No. 76893, 2000 Ohio App. LEXIS 6078, 15 (Dec. 21, 2000) (dismissing portion of appeal that was not subject to review under R.C. 2505.03); *State ex rel. Merrill v. State*, 11th Dist. Lake No. 2012-L-113, 2014-Ohio-1343, ¶ 5 (acknowledging that appeal was limited to issues related only to class certification and declining to address assignments of error regarding other issues).

{¶ 34} While an order determining that an action may or may not be maintained as a class action is a final appealable order under R.C. 2505.02(B)(5), rulings on motions for reconsideration are not. *See Estate of Weaver*, 4th Dist. Pickaway No. 18CA11, 2018-Ohio-4204.

{¶ 35} R.C. 2505.02(B) provides that an order is a "final order" subject to review when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

(3) An order that vacates or sets aside a judgment or grants a new trial;

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 36} The trial court's order denying appellees' motions for reconsideration does not fall under subdivisions (B)(1), (2), (3), or (4) as set forth above because it did not determine the action or prevent a judgment, involve a special proceeding or a summary application in an action after judgment, vacate or set aside a judgment, or grant a new trial, or involve a provisional remedy of the type included in subdivision (4). Even if this court concluded that it did involve the proper provisional remedy, appellees would be afforded a meaningful or effective remedy by an appeal following final judgment.

{¶ 37} We therefore lack authority to consider appellees' cross-assignments of error regarding the denial of their motions for reconsideration because that portion of the court's order does not comport with the definition of "final order" under R.C. 2505.02(B).  While we note that the trial court included Civ.R. 54(B) certification in its judgment entry, this language "is not a mystical incantation which

transforms a nonfinal order into a final appealable order." *Wisintainer v. Elcen Power Strut Co.*, 67 Ohio St.3d 352, 354, 617 N.E.2d 1136 (1993), citing *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989). "Civ.R. 54(B) does not alter the requirement that an order must be final before the no just reason for delay language renders it appealable." *Altenheim v. Januszewski*, 8th Dist. Cuyahoga No. 105860, 2018-Ohio-1395, ¶ 10, citing *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 21, 540 N.E.2d 266 (1989).

{¶ 38} Despite the trial court's inclusion of Civ.R. 54(B) certification, Midland's cross-appeal and the first two cross-assignments of error in Javitch's cross-appeal do not emanate from a final appealable order, and therefore we do not have jurisdiction to review them.

### III. Conclusion

{¶ 39} All of Hottenroth's assignments of error and Javitch's third cross-assignment of error are overruled, and the judgment of the trial court denying the motion for class certification is affirmed. Midland's cross-appeal and Javitch's first two cross-assignments of error are dismissed.

It is ordered that costs herein taxed shall be split equally among appellees and appellant.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK DANIEL CELEBREZZE, III, PRESIDING JUDGE

MICHELLE J. SHEEHAN, J., and
MICHAEL JOHN RYAN, J., CONCUR