[Cite as *Sliwinski v. Capital Properties Mgt. Ltd.*, 2012-Ohio-1822.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

MARY SLIWINSKI, et al.

     Appellants

     v.

CAPITAL PROPERTIES
MANAGEMENT, LTD., et al.

     Appellees

C.A. No.     25867


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 06 02 0884

DECISION AND JOURNAL ENTRY

Dated: April 25, 2012

---

MOORE, Presiding Judge.

**{¶1}** Appellant, Mary Sliwinski, appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

**{¶2}** Appellant, Mary Sliwinski, is a former tenant of the Hunt Club Apartments located in Copley Township, Ohio. Appellees, Capital Properties Management, Ltd. and Hunt Club Limited Partnership (collectively "Hunt Club"), manage and own the apartments. In 2003, Hunt Club notified its residents that it intended to install new plumbing with meters so that it could begin separately charging for water and sewer services in 2004. Prior to that date, the tenants were not charged for water.

**{¶3}** On February 8, 2006, Sliwinski filed suit against Hunt Club, alleging that it was illegally charging the tenants for water at a mark-up rate. On July 18, 2006, Sliwinski filed an amended complaint containing class-action allegations. On April 20, 2007, she filed a motion

for class certification pursuant to Civ.R. 23 defining the class as "[a]ll those present or former lessees, or their heirs or assigns, of residential units at the Hunt Club Apartments, Copley Township, Ohio, who signed a lease requiring the payment of water and sewer service charges after January 1, 2004, and who paid any such charges under that provision of the lease." Hunt Club filed a memorandum in opposition to the motion on May 2, 2007. On February 7, 2008, Sliwinski filed a notice withdrawing the motion to certify.

{¶4} On October 9, 2008, Hunt Club filed a motion to strike the class-action allegations from the amended complaint pursuant to Civ.R. 23(D)(4). On October 17, 2008, Sliwinski filed a motion to delay consideration of class certification until discovery was resolved. She filed her response to Hunt Club's motion to strike on October 23, 2008. The case was referred to a magistrate and a conference was held on November 14, 2008. On December 9, 2008, the magistrate issued a decision granting Hunt Club's motion to strike. Sliwinski filed objections on December 18, 2008. On March 18, 2009, the trial court entered its order adopting the magistrate's order and granting the motion to strike the class action allegations from the amended complaint.

{¶5} On March 6, 2009, Sliwinski filed a notice of appeal from the trial court's order. This Court dismissed the appeal on July 8, 2009, based on the trial court's failure to resolve each of Sliwinski's objections. On March 4, 2011, after conducting a de novo review of the amended complaint and concluding that Sliwinski's pleadings failed to comply with Civ.R. 23, the trial court issued an order overruling Sliwinski's objections, and again ordering the class action allegations stricken from the amended complaint.

{¶6} Sliwinski timely filed a notice of appeal. She raises one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN ORDERING THE CLASS ACTION ALLEGATIONS STRICKEN FROM THE PLEADINGS.

{¶7} Sliwinski's sole assignment of error contends that the trial court erred in ordering the class action allegations stricken from the pleadings. We do not agree.

{¶8} In the present case, Sliwinski filed objections to the decision of the magistrate ordering the class action allegations stricken from the amended complaint. The trial court overruled those objections and adopted and approved the magistrate's decision. Sliwinski now argues that the trial court erred in overruling her objections to the magistrate's decision and in granting the motion to strike the class action allegations from the pleadings. However, Sliwinski did not provide the trial court with any evidence from the record to support her objections to the magistrate's decision.

{¶9} Civ.R. 53(D)(3)(b)(iii) provides, as to the form of objections, that "[a]n objection to a factual finding * * * shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." Here, Sliwinski failed to provide a copy of the transcript of the hearing regarding the motion to strike. Absent a transcript, the trial court and this Court must presume regularity in the proceedings on any finding of fact made by the magistrate. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197 (1980). In *Knapp*, the Ohio Supreme Court stated:

> The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. *See State v. Skaggs*, 53 Ohio St.2d 162 (1978). This principle is recognized in App.R. 9(B), which provides, in part, that "the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record * * *. When portions of the transcript

necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."

*Id.* at 199.

{¶10} In its order below, the trial court acknowledged that Sliwinski failed to provide a copy of the transcript from the magistrate hearing, and thus, it was required to accept the magistrate's findings of fact as true. *See Crislip v. Crislip*, 9th Dist. No. 03CA0112-M, 2004-Ohio-3254, ¶ 6. The trial court's analysis was confined to the magistrate's application of law to those findings of fact. On appeal, we must determine whether the trial court abused its discretion in its decision to adopt the magistrate's decision. *Barlow v. Barlow*, 9th Dist. No. 08CA0055, 2009-Ohio-3788, ¶ 5. In doing so, our focus "must be on the trial court's actions and not the decisions of the magistrate." *Solomon v. Solomon*, 157 Ohio App.3d 807, 2004-Ohio-2486, ¶ 17 (7th Dist.).

{¶11} "A trial court has broad discretion in determining whether a class action may be maintained and such determination will not be disturbed absent a showing of abuse of discretion." *Southern Health Facilities, Inc. v. Somani*, 10th Dist. No. 95APE06-826, 1995 WL 765161 (Dec. 29, 1995), citing *Marks v. C.P. Chemical Co.*, 31 Ohio St.3d 200, 201 (1987).

{¶12} Under Civ.R. 23, seven prerequisites must be met before a court may certify a case as a class action:

> (1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impractical; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be satisfied.

*In re Consol. Mtge. Satisfaction Cases*, 97 Ohio St.3d 465, 2002-Ohio-6720, ¶ 6. The burden of establishing the right to a class action rests upon the plaintiff. *State ex rel. Ogan v. Teater*, 54 Ohio St.2d 235, 247 (1978). Failure to satisfy any one of these seven prerequisites results in denial of certification. *Warner v. Waste Mgmt.*, 36 Ohio St.3d 91 (1988).

{¶13} The trial court here concluded that the allegations in Sliwinski's complaint fell under three of these seven requirements: potential identity of the class, plaintiff's membership in the class, and a singular question of fact to members of the class. However, it further concluded that there were no allegations establishing the number of members in the purported class, how Sliwinski's claims were typical of those held by other members of the purported class, whether Sliwinski would fairly and adequately protect the interest of the class, and whether questions of law or fact common to members of the class predominated over questions affecting only individual members. It further found that Sliwinski would not be an adequate class representative because she had terminated her relationship with Hunt Club, and would therefore have a clear conflict with the class members who were current tenants with valid leases for the premises. It concluded that these deficiencies were fatal and granted the motion to strike the class action claims from the amended complaint.

{¶14} Initially, Sliwinski challenges the court's ability to strike the class action claims from the pleadings prior to the filing of a motion to certify. In support of this argument, she references several federal cases. However, Ohio courts have acknowledged that a Civ.R. 23(D)(4) motion to strike class allegations and claims is appropriate where the plaintiff has failed to properly plead operative facts demonstrating compliance with Civ.R. 23(A) and (B). *See Cubberly v. Chrysler Corp.*, 70 Ohio App.2d 263, 267, fn.2 (8th Dist.1981) ("Failure to assert such facts renders a pleading, containing class allegations, subject to a motion to strike made by

an opposing party pursuant to Civ.R. 23(D)(4).").  *See also Waterman v. Christy*, 10th Dist. No. 87AP-866, 1988 WL 33623, \*2 (Mar. 15, 1988) ("It is well-established that a complaint is subject to a motion to strike in accordance with Civ.R. 23(D)(4) where there is a failure to properly plead operative facts.").  Accordingly, this argument is without merit.

{¶15}  The majority of Sliwinski's remaining arguments center around the trial court's finding that her amended complaint sought to void the leases, as opposed to voiding an alleged separate contract concerning the sale of water and sewer.  In addition, she argues that the trial court "erred as a matter of fact in ruling whether the lease contains a severability clause." However, these were findings of fact made by the magistrate and adopted by the trial court.  As discussed above, because Sliwinski did not offer a transcript or affidavit to support her objection to the magistrate's decision, the trial court would have abused its discretion had it not adopted the magistrate's findings of facts as true.  *Crislip* at ¶ 6.  Accordingly, she cannot demonstrate an abuse of discretion on the part of the trial court in adopting these facts.

{¶16}  Next, Sliwinski argues that the trial court erred as a matter of law in concluding that it had no authority to sever the water and sewer portions of the contract.  Arguably, this argument could relate to the issues of voiding or rescinding the entire lease agreements, and would thus support the trial court's concerns regarding a potential conflict with the current tenants and Sliwinski's ability to adequately represent the class.  However, this is not the only Civ.R. 23 requirement that the court concluded Sliwinski failed to satisfy.  It also found that there were no allegations establishing the number of members in the purported class, how Sliwinski's claims were typical of those held by other members of the purported class, and whether questions of law or fact common to members of the class predominated over questions affecting only individual members.  On appeal, she fails to argue, let alone demonstrate, that

these findings constituted an abuse of discretion by the trial court. As stated above, failure to satisfy any one of the seven prerequisites of Civ.R. 23 will result in denial of certification. *Warner*, 36 Ohio St.3d at 91. Accordingly, she has failed to demonstrate that the trial court abused its discretion in granting the motion to strike.

{¶17} The remainder of Sliwinski's arguments center around the magistrate's findings pertaining to a private anti-trust action, and the need to identify a human being when pleading corporate fraud. Again, these arguments fail to address the fatal deficiencies the trial court found in her pleadings with regard to the Civ.R. 23 requirements. Accordingly, we conclude that Sliwinski has failed to demonstrate that the trial court abused its discretion in granting the motion to strike the class action allegations from the pleadings.

{¶18} Sliwinski's sole assignment of error is overruled.

III.

{¶19} Sliwinski's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

 

 

CARLA MOORE
FOR THE COURT

CARR, J.
CONCURS.

DICKINSON, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

JOHN WOOD, Attorney at Law, for Appellant.

MARK A. PHILLIPS, Attorney at Law, for Appellees.