**[Cite as *Hilton v. Lorain*, 2025-Ohio-3015.]**

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

TIA HILTON, et al.

    Appellants

    v.

CITY OF LORAIN, et al.

    Appellees

C.A. Nos.    24CA012095
                24CA012142

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    20 CV 200713

DECISION AND JOURNAL ENTRY

Dated: August 25, 2025

---

CARR, Presiding Judge.

{¶1}  Plaintiffs-Appellants Tia Hilton, Paul Flores, Jr., and Anna M. Cruz ("the Citizens") appeal the entries of the Lorain County Court of Common Pleas denying their motion for class certification and their motion for reconsideration/relief from judgment. This Court reverses and remands the matter for proceedings consistent with this decision.

I.

{¶2}  This action began in 2020 when the initial complaint was filed. In May 2022, a motion for leave to file a first amended complaint was filed. A magistrate granted the motion for leave in April 2023, and the amended complaint attached to the motion for leave was deemed filed as of the date of the magistrate's order.

{¶3}  The amended complaint listed the Citizens as the Plaintiffs and the City of Lorain, the mayor of the City of Lorain, Lorain County Board of Commissioners, Lorain County Regional Airport Authority, Edward Smitek, and the City of Elyria as Defendants. The complaint also listed

additional individuals and entities affiliated with the City of Lorian to be served with the amended complaint. One of the major contentions of the amended complaint was that the City of Lorain was charging excessive rates and fees to its customers for water and wastewater services. The amended complaint included class action allegations and defined the class as "[a]ll residential and commercial customers within and outside the City of Lorain who receive water and/or wastewater services from the City of Lorain." The amended complaint listed five causes of actions: (1) declaratory judgment and injunctive relief; (2) violations of R.C. 729.49 and 743.04; (3) fraud; (4) breach of contract; and (5) violations of the Consumer Sales Practices Act ("CSPA"). Relevant to this appeal, several Defendants associated with the City of Lorain filed a collective answer; these individuals and entities are the Appellees herein and will be referred to as "the City."

{¶4} In October 2022, the Citizens filed a motion for class certification. Therein, the Citizens defined the class as "[a]ll ratepayers who were charged water and sanitary sewer rates, fees and charges by the City of Lorain since May 7, 2012." The City opposed the motion and the Citizens filed a reply. In the reply, the Proposed Class Members requested a hearing and in the alternative sought a stay of the briefing in order to conduct additional discovery. Additional filings by the City were not considered by the trial court. No hearing was held on the motion. The trial court denied the motion for class certification concluding that the Proposed Class Members failed to demonstrate that the class was identifiable and unambiguous or that the predominance and superiority requirements of Civ.R. 23(B)(3) were satisfied.

{¶5} In March 2024, the Citizens filed a motion for relief from judgment and/or reconsideration and/or clarification. Shortly thereafter, the Citizens filed a notice of appeal. This Court remanded the matter for the trial court to rule on the Citizens' motions. The City responded in opposition to the motions and the Citizens filed a reply and also requested a hearing. The trial

court denied the motions without a hearing. The Citizens appealed and the appeals were consolidated by this Court.

{¶6} Upon review of the record, this Court identified an issue, while not briefed, related to issues raised in the Citizens' assignments of error. We asked the parties to brief this issue and have considered their responses in resolving this appeal, as we now conclude it is dispositive. *See State v. Tate*, 2014-Ohio-3667, ¶ 21. The Citizens raise eight assignments of error, some of which will be addressed out of sequence and/or considered together to facilitate our review.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT DENIED THE MOTION FOR CLASS CERTIFICATION BECAUSE THE MOTION CLEARLY DESCRIBED AN IDENTIFIABLE AND UNAMBIGUOUS CLASS UNDER CIV.R. 23(A).

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED WHEN IT DENIED THE MOTION FOR CLASS CERTIFICATION BECAUSE THE REPRESENTATIVE RATEPAYERS CLEARLY MET THE REQUIREMENT OF PREDOMINANCE AND SUPERIORITY IN CIV[.R.] 23(B)(3).

{¶7} In their first assignment of error, the Citizens assert that the trial court abused its discretion in denying the motion for class certification because the Citizens met their burden in setting forth an identifiable and unambiguous class. In their third assignment of error, the Citizens argue that the trial court abused its discretion in denying their motion for class certification as the Citizens met their burden with respect to Civ.R. 23(B)(3).

{¶8} "An appellate court reviews a trial court's order certifying a class pursuant to Civ.R. 23 for an abuse of discretion." *Williams v. Kisling, Nestico, & Redick, LLC*, 2022-Ohio-1044, ¶ 24 (9th Dist.). An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

The following seven requirements must be satisfied before an action may be maintained as a class action under Civ.R. 23: (1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impracticable; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be met.

*Williams* at ¶ 25, quoting *Hamilton v. Ohio Savs. Bank*, 82 Ohio St.3d 67, 71 (1998), citing Civ.R. 23(A), (B).

{¶9} Civ.R. 23(B)(3) states that:

A class action may be maintained if Civ.R. 23(A) is satisfied, and if:

. . .

the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

(a) the class members' interests in individually controlling the prosecution or defense of separate actions;

(b) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(d) the likely difficulties in managing a class action.

{¶10} "When determining whether to certify a class, a trial court must conduct a rigorous analysis, and it may grant certification only after resolving all relevant factual disputes and finding that sufficient evidence proves that all requirements of Civ.R. 23 have been satisfied." *Cullen v. State Farm Mut. Auto. Ins. Co.*, 2013-Ohio-4733, ¶ 2. "A party seeking certification pursuant to Civ.R. 23 bears the burden of demonstrating by a preponderance of the evidence that the proposed

class meets each of the requirements set forth in the rule." *Cullen* at paragraph three of the syllabus.

{¶11} Unfortunately, the trial court's analysis is confusing and seemingly contradictory. The trial court determined that the Citizens failed to demonstrate that the class was identifiable and unambiguous, but at the same time concluded that the Citizens were members of that class, that the class was sufficiently numerous, that there were questions of law and fact common to that class, that the claims and defenses of the Citizens were typical of those of that class, and the Citizens would fairly and adequately protect the interests of that class. This Court fails to understand how the trial court could make the other findings that it made if it found that the class was not identifiable and unambiguous. *See Cowit v. Cellco Partnership*, 2009-Ohio-1596, ¶ 11 (1st Dist.) ("Before a trial court may grant class certification, certain standards must be met. First, the trial court must find the existence of an identifiable and unambiguous class.") (Footnotes omitted.) Likewise, it is unclear how the trial court could properly evaluate the requirements under Civ.R. 23(B)(3) given its contradictory findings.

{¶12} Accordingly, we conclude that the trial court abused its discretion in denying the motion for class certification in light of the totality of its analysis and the presence of seemingly contradictory findings. The matter is remanded for the trial court to conduct the rigorous analysis required under the case law and resolve the conflicts within its decision. *See Cullen,* 2013-Ohio-4733, at ¶ 2.

{¶13} The Citizens' first and third assignments of error are sustained to the extent discussed above.

6

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT DENIED THE MOTION FOR RELIEF FROM JUDGMENT BECAUSE THE MOTION CLEARLY DESCRIBED AN IDENTIFIABLE AND UNAMBIGUOUS CLASS UNDER CIV.R. 23(A).

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED WHEN IT DENIED THE MOTION FOR RECONSIDERATION BECAUSE THE REPRESENTATIVE RATEPAYERS CLEARLY MET THE REQUIREMENT OF PREDOMINANCE AND SUPERIORITY IN CIV[.R.] 23(B)(3).

## ASSIGNMENT OF ERROR V

THE TRIAL COURT ERRED WHEN IT FAILED TO CONDUCT A HEARING ON THE MOTION FOR CLASS CERTIFICATION BECAUSE IT WAS THE COURT'S OBLIGATION TO TIMELY CONDUCT THE HEARING OR TO RULE UPON THE CERTIFICATION.

## ASSIGNMENT OF ERROR VI

THE TRIAL COURT ERRED WHEN IT FAILED TO CONDUCT A HEARING ON THE MOTION FOR RECONSIDERATION BECAUSE IT WAS THE COURT'S OBLIGATION TO TIMELY CONDUCT THE HEARING OR TO RULE UPON THE CERTIFICATION.

## ASSIGNMENT OF ERROR VII

THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT THE MOTION FOR RECONSIDERATION BECAUSE THE REPRESENTATIVE RATEPAYERS SATISFIED THE REQUIREMENTS OF CIV[.R.] 60(B).

## ASSIGNMENT OF ERROR VIII

THE TRIAL COURT ERRED WHEN IT FAILED PURSUANT TO CIV[.R.] 23(C)(1)(C) TO ALTER, AMEND, AND MODIF[Y] THE CLASS DEFINITION IN ACCORDANCE WITH THE MOTION FOR RECONSIDERATION.

{¶14} The Citizens' remaining assignments of error are not properly before us at this time, and we decline to address them.

III.

{¶15}   We sustain the Citizens' first and third assignments of error to the extent discussed above.  The remaining assignments of error are not properly before us at this time.  The judgment of the Lorain County Court of Common Pleas is reversed, and the matter is remanded for proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.


DONNA J. CARR
FOR THE COURT

SUTTON, J.
CONCURS.

HENSAL, J.
DISSENTING.

{¶16} The language of Rule 23(A) provides that each of the requirements for maintaining a class must be present. If any requirement is not met, a class cannot be certified. *Sliwinski v. Capital Props. Mgmt., Ltd.*, 2012-Ohio-1822, ¶ 12 (9th Dist.). Nonetheless, the Supreme Court of Ohio has suggested that "in determining the propriety of class certification under Civ.R. 23, trial courts [should] make separate written findings as to each of the seven class action requirements, and specify their reasoning as to each finding." *Hamilton v. Ohio Sav. Bank.*, 82 Ohio St.3d 67, 71 (1998). *See also Winrod v. Lorain*, 2020-Ohio-157, ¶ 8 (9th Dist.). Consistent with this precedent, the trial court analyzed each of the seven requirements, beginning with those that it determined to be present. The trial court's analysis of those requirements was qualified: it anticipated the problems later identified with respect to whether there is, in fact, an identifiable and unambiguous class. I cannot concur with the implication that the trial court has not conducted the rigorous analysis required by Civil Rule 23(A). I would therefore address Appellants' arguments regarding the specific findings of the trial court relative to the issues of whether the class was identifiable and unambiguous. Accordingly, I must dissent.

APPEARANCES:

ANTHONY J. COYNE and KENNETH E. SMITH, Attorneys at Law, for Appellants.

GERALD W. PHILLIPS, Attorney at Law, for Appellants.

PATRICK D. RILEY, Law Director, and KENNETH R. RESAR, Assistant Law Director, for Appellees.

THOMAS R. THEADO and RICHARD PANZA, Attorneys at Law, for Appellees.